# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| ALONZO MOREFIELD, JR., #479955, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:06-CV-976-MHT (W0) |
| HUGH SMITH, WARDEN, *et al.*, | ) ) ) | |
| Respondents. | ) | |

## ANSWER

Come now the Respondents by and through the Attorney General of the State of Alabama and in response to the petition for writ of habeas corpus makes the following answer to Morefield's petition for writ of habeas corpus.

1. Morefield is currently incarcerated in the Georgia state prison system. In his petition currently before this Court, Morefield challenges his guilty-plea convictions in the Montgomery County, Alabama Circuit Court for impersonating a law enforcement officer, theft of property, and kidnapping. Morefield further challenges his November 16, 2004 sentence of twenty years' imprisonment, split, to serve five years' actual imprisonment.

2.  Respondents assert that Morefield's claim that his due process rights were violated because the State's reply to his Rule 32 petition was late is procedurally barred.

3.  Respondents assert that Morefield's claim that his guilty plea was unlawfully induced and not knowingly entered is procedurally barred.

4.  Respondents assert that Morefield's claim that his conviction was obtained pursuant to an unlawful arrest is procedurally barred.

5.  Respondents assert that Morefield's claim that he received ineffective assistance of counsel is procedurally barred.

6.  Respondents assert that Morefield's claim that the trial court imposed an inaccurate amount of restitution is procedurally barred.

7.  Respondents deny that Morefield is innocent.

8.  Respondents deny that any of Morefield's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

9.  Respondents aver that, based on the contents of this answer and accompanying exhibits, this petition is due to be denied and dismissed with prejudice.

## CHRONOLOGY OF THE CASE

Alonzo Darryll Morefield was indicted by the Montgomery County Grand

Jury in the February term of 2000 for three counts of impersonating a peace

officer, two counts of theft of property in the third degree, kidnapping in the

second degree, and theft of property in the second degree. (Exhibit B, pg. 33)

Morefield entered guilty pleas on October 26, 2004 and was sentenced on

November 16, 2004 for two counts of impersonating a law enforcement officer,

two counts of theft of property in the second degree, four counts of theft of

property in the third degree, and one count of kidnapping in the second degree.

Morefield was sentenced to twenty years' imprisonment, split, with five years of

actual imprisonment to serve. (Exhibit A, pg. 2, 5, 8) Morefield did not appeal

those convictions. (Exhibit A) The case action summary does not show a notice

of appeal (Exhibit A) and Morefield admits in his § 2254 form that he did not file

a direct appeal.

Morefield filed a Rule 32 petition in the Montgomery County Circuit Court

on September 22, 2005[1], raising the following claims:

> 1.     That his guilty plea was involuntary because he was on
> medication that affected his ability to think rationally and understand
> the Court's instructions; and

---

[1] This is the date Morefield indicated that his petition was being mailed. *See*
Houston v. Lack, 487 U.S. 266 (1988).

    2.     That he received ineffective assistance of counsel because counsel's performance was "unreasonable", amounting to "bad strategy", and he was prejudiced as a result.

(Exhibit B, pg. 18)

On November 22, 2005, the district attorney filed an answer to Morefield's Rule 32 petition and a motion to dismiss, alleging that Morefield's claims were insufficiently pleaded and without merit. (Exhibit B, pgs. 25-30)

On December 12, 2005, Judge Eugene W. Reese issued a detailed order finding that Morefield's claims were insufficiently pleaded and without merit. (Exhibit B, pgs. 33-34)

Morefield appealed, claiming that the trial court erred in denying his Rule 32 petition because:

    1.     His guilty plea was involuntary;

    2.     He received ineffective assistance of counsel;

    3.     He was prejudiced because the district attorney filed a late answer to his Rule 32 petition; and

    4.     His conviction was obtained pursuant to an unlawful arrest.

(Exhibit C, pgs. 1-4) (Morefield's third and fourth issues above were not raised in his original Rule 32 petition.)

The State responded on May 30, 2006, in a brief on appeal arguing that Morefield's appeal should be dismissed because his claims were insufficiently

4

pleaded, without merit, or not properly before the court for appellate review. (Exhibit C, pgs. 4-12)

On August 11, 2006, the Alabama Court of Criminal Appeals affirmed the trial court's summary dismissal of Morefield's Rule 32 petition, finding that Morefield's claims were insufficiently pleaded, without merit, or not properly before the court for review. (Exhibit E, pgs. 2-3) The Alabama Court of Criminal Appeals issued a Certificate of Judgment on August 30, 2006. (Exhibit F) Morefield did not apply for rehearing in the Alabama Court of Criminal Appeals, nor did he apply for a writ of certiorari in the Alabama Supreme Court.

On October 26, 2006, Morefield filed this present §2254 petition raising the following grounds for relief:

1.   That his due process rights were violated because the State's reply to his Rule 32 petition was late;

2.   That his guilty plea was unlawfully induced and not knowingly entered;

3.   That his conviction was obtained pursuant to an unlawful arrest;

4    That he received ineffective assistance of counsel; and

5.   That the trial court imposed an inaccurate amount of restitution.

5

## STATUTE OF LIMITATION

State inmates seeking federal habeas review of their claims have a one-year statute of limitation, unless the conviction was final before the effective date of the AEDPA, which was April 24, 1996. Morefield was sentenced on November 16, 2004. His last day to file a notice of appeal in state court was December 28, 2004. From that date, 267 days passed until Morefield filed his Rule 32 petition in the trial court on September 22, 2005. Following the dismissal and appeal of the dismissal of his Rule 32 petition, the Alabama Court of Criminal Appeals issued a Certificate of Judgment on August 30, 2006. From that date, 56 days passed until Morefield filed the instant §2254 petition. Disregarding the time tolled by Morefield's Rule 32 petition, a total of 320 days elapsed between the day Morefield's judgment became final until he filed his §2254 petition. Thus, his petition is not time-barred.


## EXHAUSTION

The claims in this petition are either technically exhausted for having been presented in state court or are effectively exhausted because there is no longer an available state remedy as the time has long expired to take a direct appeal. Further, any additional post-conviction petition would be precluded by Alabama Rules of Criminal Procedure Rule 32.2(b) as a successive petition.

6

## PROCEDURAL DEFAULT

The claims raised by Morefield in this present habeas petition are also procedurally defaulted on more than one basis. First, the grounds are procedurally defaulted for not having raised them on direct appeal. *See,* Bailey v. Nagle, 172 F. 2d 1299, 1302-1303 (11th Cir. 1999), *citing* Wainwright v. Sykes, 433 U.S. 72, 87 (1977). The claims are also procedurally defaulted for having failed to present them to the highest state court either on direct appeal or appeal of the Rule 32 petition. O'Sullivan v. Boerckel, 526 U.S. 838, 843-845 (1999). Additionally, the grounds of the petition that were presented to the state court in his Rule 32 petition are procedurally barred for Morefield's having failed to present them on appeal from the denial of the Rule 32 petition. *See,* Collier v. Jones, 910 F. 2d 770 (11th Cir. 1990).

In sum, no further habeas review or relief is due on this petition until such time that Morefield establishes cause and prejudice for his default and this Court determines this issue adversely to Respondents. *See,* Jones v. White, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## CONCLUSION

Based on the foregoing, this petition is due to be denied and dismissed with prejudice.

7

# EXHIBIT LIST

Exhibit A -  Copy of the trial court's Case Action Summary. CC-04-1043, CC-04-1044, and CC-04-1045.

Exhibit B -  Copy of the record on appeal to the Alabama Court of Criminal Appeals of Morefield's Rule 32 petition filed September 22, 2005. CC-04-1043.60, CC-04-1044.60, and CC-04-1045.60; CR-05-0665.

Exhibit C -  Copy of the Morefield's brief on appeal of the denial of his Rule 32 petition. CC-04-1043.60, CC-04-1044.60, and CC-04-1045.60; CR-05-0665.

Exhibit D -  Copy of the State's brief filed on May 30, 2006 on appeal of the denial of Morefield's Rule 32 petition. CC-04-1043.60, CC-04-1044.60, and CC-04-1045.60; CR-05-0665.

Exhibit E -  Memorandum opinion of the Alabama Court of Criminal Appeals affirming the trial court's summary dismissal of Morefield's Rule 32 petition. CC-04-1043.60, CC-04-1044.60, and CC-04-1045.60; CR-05-0665.

Exhibit F -  Certificate of Judgment issued by the Alabama Court of Criminal Appeals. CC-04-1043.60, CC-04-1044.60, and CC-04-1045.60; CR-05-0665.

Respectfully submitted,

Troy King, ID #KIN047
*Attorney General*
By-

s/Nancy M. Kirby
Nancy M. Kirby ID #KIR031
*Deputy Attorney General*

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December, 2006, I electronically

filed the foregoing Answer and exhibits with the Clerk of the Court using the

CM/ECF; and I hereby certify that I have mailed by United States Postal Service

the foregoing (including all exhibits) to the following non-CM/ECF participants:

Alonzo Darryll Morefield, Georgia Prison #479955 (AIS #237882), Georgia State

Prison, 300 First Avenue, Reidsville, GA  30453.

<div style="text-align:right">

s/Nancy M. Kirby (KIR031)
Nancy M. Kirby (KIR031)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334) 242-7300
Fax: (334) 242-2848
E-Mail: nancykirbylaw@bellsouth.net

</div>

211673/101441-001

```
ACRO370                ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2004 001043.00
OPER: TOR                      CASE ACTION SUMMARY
PAGE:   1                      CIRCUIT  CRIMINAL              RUN DATE: 08/04/2004
==========================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY
                                                                      JUDGE: EWR
STATE  OF  ALABAMA               VS       MOREFIELD ALONZO DARRYLL
                                          2164 HWY 147
CASE: CC 2004 001043.00
                                          TATTNELL, GA  30147 0000
DOB: 11/15/1965            SEX: M  RACE: B  HT: 6 03  WT: 200   HR:      EYES:
SSN: 420020777   ALIAS NAMES:
------------------------------------------------------------------------------------------
CHARGE01: IMPERSONATE PEACE OF CODE01: IMPO  LIT: IMPERSONATE PE TYP: F #: 001
OFFENSE DATE:                             AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:
DATE    INDICTED: 02/11/2000              DATE  ARRESTED:
DATE    RELEASED:                         DATE    FILED: 08/04/2004
          BOND AMOUNT:      $10,000.00    DATE  HEARING:
                                          SURETIES:
DATE 1:                        DESC:
DATE 2: 08/26/2004             DESC: APPT    TIME: 0000
                                            TIME: 0200 P
TRACKING NOS: GJ 2000 020001 00  /

      DEF/ATY: William Rayborn       TYPE: A                        TYPE:
                               00000                        00000

PROSECUTOR:
                                                                Oct 25
==========================================================================================
OTH CSE: GJ200002000100 CHK/TICKET NO: S               GRAND JURY: 1
COURT REPORTER:                       SID NO:     001407360
DEF STATUS: JAIL                      DEMAND:                     OPER: TOR
------------------------------------------------------------------------------------------
  TRANS DATE    ACTIONS, JUDGEMENTS, AND NOTES                             OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 08/04/2004 | ASSIGNED TO: (CNP) CHARLES PRICE | (AR01) | TOR |
| 08/04/2004 | INITIAL STATUS SET TO: "J" - JAIL | (AR01) | TOR |
| 08/04/2004 | FILED ON: 08/04/2004 | (AR01) | TOR |
| 08/04/2004 | DEFENDANT INDICTED ON: 02/11/2000 | (AR01) | TOR |
| 08/04/2004 | BOND SET AT: $10000.00 | (AR01) | TOR |
| 08/04/2004 | CHARGE 01: IMPERSONATE PEACE OF/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | SET FOR: APPOINTMENT OF COU ON 08/26/2004 AT 0200P | | TOR |
| 08/04/2004 | JUDGE ID CHANGED FROM: CNP TO: EWR | (AR01) | TOR |
| 08/04/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 08/04/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 9-27-04 | Deft's Motion to Continue GRANTED. Trial Reset 10-25-04 Eugene W Reese | | |
| 9-27-04 | Order Signed 9-22-04 Granting Motion to Withdraw | | |

ACRO369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2004 001043.00
JUDGE ID:  EWR

STATE OF ALABAMA            VS      MOREFIELD ALONZO DARRYLL

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 10-26-04 | WAIIPNG |
| 10-26-04 | The Defendant comes before the Court with attorney of record to change plea from not guilty to guilty ~~Impersonating Peace Officer~~  NFOA-3 prior |
|  | The Court on the record fully explained to Defendant all Constitutional rights. The Court is convinced that Defendant comes into the Court voluntarily and understands all Constitutional rights. Further A is signed by Defendant and the record ultimately shows colloquy between the Judge and Defendant as to Defendant's full and complete understanding as to Constitutional rights and as to all of the voluntariness of plea, effects and the consequences thereof. With the conclusion of said colloquy the Court finds the guilty plea; and finds the Defendant guilty of Impersonating Peace Officer  Sentence- 12 mo. Eugene W. Reese |
| 9-8-04 | Motion for Consolidation of cases granted 9-8-04 |

| State of Alabama<br>Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7          Rev 2/79 | CONTINUATION | CC 2004-1043 |

Style:

Darryll Marefield          Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11-16-04 | The Defendant with attorney Bill Rayborn appeared before the Court for sentencing. State's Motion to Invoke Habitual Felony Offender Act GRANTED with Defendant stipulating to 3 prior felony convictions. State and Defendant waive Pre-sentence Investigation Report. The Court, having asked the Defendant if he had anything to say prior to sentence and the Defendant saying nothing, PURSUANT TO PLEA AGREEMENT, he is sentenced to the Department of Corrections for 20 years. Pursuant to split sentence act, 20-year sentence suspended conditioned upon the Defendant serving 5 years in the Department of Corrections followed by supervised probation for 3 years, or until all conditions are met, with terms and conditions to be set prior to release. Defendant ordered to pay Court costs, attorney's fees, and $50 to the Victims Compensation Fund. One-half of any monies to which the Defendant may become entitled while incarcerated to be applied toward satisfaction of said amounts. Sentence in this case to run concurrently with all other sentences Defendant is currently serving including any sentence(s) he is serving in the State of Georgia.<br>Defendant advised of right to appeal.<br><br>Eugene W. Reese  GENE REESE<br><br>Defendant to be brought back before the court for conditions of probation PRIOR to release from incarceration. Should he be released, he is ordered to report to Montgomery Probation Office within 24 hours. |

```
ACRO370                  ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 2004 001044.00
OPER: TOR                          CASE ACTION SUMMARY
PAGE:  1                        CIRCUIT   CRIMINAL              RUN DATE: 08/04/2004
```
IN THE CIRCUIT COURT OF MONTGOMERY                                           JUDGE: EWR

STATE OF ALABAMA                      VS    MOREFIELD ALONZO DARRYLL
                                            2164 HWY 147
CASE: CC 2004 001044.00
                                            TATTNELL, GA  30147 0000

DOB: 11/15/1965          SEX: M  RACE: B  HT: 6 03  WT: 200    HR:    EYES:
SSN: 420020777  ALIAS NAMES:

CHARGE01: IMPERSONATE PLACE OF CODF01: IMPO  LIT: IMPERSONATE PE TYP: F #: 001
CHARGE02: THEFT OF PROP 3RD      CODE02: TOP3                    TYP: M #: 001
CHARGE03: THEFT OF PROP 3RD      CODE03: TOP3                    TYP: M #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE     INDICTED: 02/11/2000           DATE    FILED: 08/04/2004
DATE    RELEASED:                       DATE HEARING:
      BOND AMOUNT:      $10,000.00         SURETIES:

DATE 1:                    DFSC:         TIME: 0000
DATE 2: 08/26/2004  DESC: APPT           TIME: 0200 P

TRACKING NOS: GJ 2000 020003 00  /                           /

    DEF/ATY:  Bill Rayborn           TYPE: A                   TYPE:

                                00000                    00000

PROSECUTOR:

_Oct 25_

```
OTH CSE: GJ200007000300 CHK/TICKET NO: S
COURT REPORTER:                ____ SID NO:            GRAND JURY: 3
DEF STATUS: JAIL            DEMAND:        001407360
                                                            OPER: TOR
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 08/04/2004 | ASSIGNED TO: (EWR) EUGENE W. REESE | (AR01) | TOR |
| 08/04/2004 | INITIAL STATUS SET TO: "J" - JAIL | (AR01) | TOR |
| 08/04/2004 | FILED ON: 08/04/2004 | (AR01) | TOR |
| 08/04/2004 | DEFENDANT INDICTED ON: 02/11/2000 | (AR01) | TOR |
| 08/04/2004 | BOND SET AT: $10000.00 | (AR01) | TOR |
| 08/04/2004 | CHARGE 01: IMPERSONATE PEACE OF/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | SET FOR: APPOINTMENT OF COU ON 08/26/2004 AT 0200P | | TOR |
| 08/04/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 08/04/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 08/04/2004 | CHARGE 02: THEFT OF PROP 3RD/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | CHARGE 03: THEFT OF PROP 3RD/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 08/04/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 9-27/04 | D's attorney's Motion to Continue Granted — Reset 10-25-04. Ewk | | |
| 9-22-04 | Order Signed 9-27-04 granting Mo To Withdraw | | |

ACR0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2004 001044.00
JUDGE ID:  EWR

| STATE OF ALABAMA | VS | MOREFIELD ALONZO DARRYLL |
|---|---|---|

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 10-26-04 | CRT JPNG |
| 10-26-04 | The Defendant comes before the Court with Attorney of Record Arraignment charge plea from not guilty to guilty. *Deana Officer - theft of Property III* & theft of Prop III. The Court, on the Record, fully explained to Defendant all Constitutional rights. The Court is convinced that Defendant comes into the Court voluntarily and understands all Constitutional rights. Exhibit A is signed by Defendant and the Record affirmatively shows colloquy between the Judge and Defendant as to Defendant's full and complete understanding as to Constitutional rights and as to all of the waivers that a guilty plea effects and the consequences thereof. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds the Defendant guilty of *Deana - Deana Officer & TOP III x 2.* NFOA-3priors. |
| 9-8-04 | Motion for Consolidation of cases granted, 9-8-04 |

| | | | Case Number |
|---|---|---|---|
| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** | | CC-2604-1044 |
| Form C-7    Rev 2/79 | CONTINUATION | | |

Style:

Darryll MoreGieN          Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11-16-04 | The Defendant with attorney Bill Rayborn appeared before the Court for sentencing. State's Motion to Invoke Habitual Felony Offender Act GRANTED with Defendant stipulating to 3 prior felony convictions. State and Defendant waive Pre-sentence Investigation Report. The Court, having asked the Defendant if he had anything to say prior to sentence and the Defendant saying nothing, PURSUANT TO PLEA AGREEMENT, on Count I, (impersonating a peace officer), he is sentenced to the Department of Corrections for 20 years. Pursuant to split sentence act, 20-year sentence suspended conditioned upon the Defendant serving 5 years in the Department of Corrections followed by supervised probation for 5 years, or until all conditions are met, with terms and conditions to be set prior to release. On Counts II and III (theft of property third degree), he is sentenced to the Montgomery County Detention Facility for 12 months to run concurrently with 5-yr split portion of sentence. On Count I, Defendant ordered to pay Court costs, attorney's fees, and $50 to the Victims Compensation Fund. On Counts II & III, he is ordered to pay court costs, attorneys fees, and $25 to the Victims Compensation Fund on each count. He is also ordered to pay Restitution in this case in the amount of $119.20. One-half of any monies to which the Defendant may become entitled while incarcerated to be applied toward satisfaction of said amounts. Sentence in this case to run concurrently with all other sentences Defendant is currently serving including any sentence(s) he is serving in the State of Georgia. Defendant advised of right to appeal. |
| | Eugene W Reese |
| | _____ GENE REESE |
| | Defendant to be brought back before the court for conditions of probation PRIOR to release from incarceration. Should he be released, he is ordered to report to Montgomery Probation Office within 24 hours. |

```
ACRO370          ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2004 001045.00
OPER: TOR                  CASE ACTION SUMMARY
PAGE:   1                CIRCUIT  CRIMINAL                RUN DATE: 08/04/2004
```

```
IN THE CIRCUIT COURT OF MONTGOMERY                                    JUDGE: EWR
```

```
STATE  OF  ALABAMA                VS      MOREFIELD ALONZO DARRYLL
                                          2164 HWY 147
CASE: CC 2004 001045.00
                                          TATTNELL, GA  30147 0000

DOB: 11/15/1965          SEX: M  RACE: B  HT: 6 03  WT: 200   HR:       EYES:
SSN: 420020777   ALIAS NAMES:
```

```
CHARGE01: IMPERSONATE PEACE OF CODE01: IMPO  LIT: IMPERSONATE PE TYP: F #: 001
CHARGE02: KIDNAPPING 2ND DEGRE CODE02: KID2                   TYP: F #: 001
CHARGE03: THEFT OF PROP 3RD    CODE03: TOP3                   TYP: M #: 001
CHARGE04: THEFT OF PROP 3RD    CODE04: TOP3                   TYP: M #: 001
CHARGE05: THEFT OF PROP 2ND    CODE05: TOP2                   TYP: F #: 001
CHARGE06: THEFT OF PROP 2ND    CODE06: TOP2                   TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER: 0030100
```

```
DATE WAR/CAP ISS:                     DATE ARRESTED:
DATE    INDICTED: 02/11/2000          DATE     FILED: 08/04/2004
DATE    RELEASED:                     DATE   HEARING:
        BOND AMOUNT:      $1,000.00         SURETIES:

DATE 1:            DESC:              TIME: 0000
DATE 2: 08/26/2004 DESC: APPT        TIME: 0200 P

TRACKING NOS: GJ 2000 020004 00  /                   /

   DEF/ATY:                  TYPE:                          TYPE:

                         00000                         00000

PROSECUTOR:
```
Oct 25

```
OTH CSE: GJ200002000400 CHK/TICKET NO: S            GRAND JURY: 4
COURT REPORTER: _____ SID NO:    001407360
DEF STATUS: JAIL              DEMAND:                        OPER: TOR
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 08/04/2004 | ASSIGNED TO: (EWR) ELGENE W. REESE | (AR01) | TOR |
| 08/04/2004 | CHARGE 03: THEFT OF PROP 3RD/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | BOND SET AT: $1000.00 | (AR01) | TOR |
| 08/04/2004 | DEFENDANT INDICTED ON: 02/11/2000 | (AR01) | TOR |
| 08/04/2004 | CHARGE 02: KIDNAPPING 2ND DEGRE/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | FILED ON: 08/04/2004 | (AR01) | TOR |
| 08/04/2004 | CHARGE 01: IMPERSONATE PEACE OF/#CNTS: 001 | (AR01) | TOR |
| 08/04/2004 | INITIAL STATUS SET TO: "J" - JAIL | (AR01) | TOR |
| 08/04/2004 | CHARGE 04: THEFT OF PROP 3RD/#CNTS: 001 | (AR02) | TOR |
| 08/04/2004 | CHARGE 05: THEFT OF PROP 2ND/#CNTS: 001 | (AR02) | TOR |
| 08/04/2004 | CHARGE 06: THEFT OF PROP 2ND/#CNTS: 001 | (AR02) | TOR |
| 08/04/2004 | SET FOR: APPOINTMENT OF COU ON 08/26/2004 AT 0200P | | TOR |
| 08/04/2004 | CASE ACTION SUMMARY PRINTED | (AR08) | TOR |
| 08/04/2004 | CAS ATTACHMENT PRINTED | (AR08) | TOR |
| 9-27-04 | D's Motion to Cont. GRANTED, Trial Reset | | |
| | 10-25-04 | EWR | |

ACRO369  A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2004 001045.00
JUDGE ID:   EWR

STATE OF ALABAMA                    VS    MOREFIELD ALONZO DARRYLL

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|---|---|
| 9-07-04 | Order signed 9-22-04 granting Mo. to Withdraw |
| 10-26-04 | WRI / PNG |
| 10-26-04 | The Defendant comes before the Court with Attorney of record & charge Plea has not guilty to guilty *(handwritten)* Peace Officer, Burg II Poss. Stolen Prop., *(handwritten)* Attm. Prop II, Theft III, Thft II & Theft II  The Court on the Record fully explained to Defendant all Constitutional rights. The Court is convinced that Defendant knows and the Court voluntary and understands all Constitutional rights. Exhibit A is signed by Defendant and the Record knowingly shows colloquy between the Judge and Defendant as to Defendant's full and complete understanding as to Constitutional rights and as to aid-of-the-waivers-that a guilty plea effects and the consequences thereof. Upon the conclusion of said colloquy the Court accepts the guilty plea and finds the Defendant guilty of ___ Peace Officer, Burn II, TOP III *(handwritten)* and TOP II *(handwritten)* Sentence Set: ___  NEDA - 3 priors |
| 9-8-04 | "Motion granted for Consolidation of cases. 9-8-04 |

| State of Alabama<br>Unified Judicial System | CASE ACTION SUMMARY<br>CONTINUATION | Case Number |
|---|---|---|
| Form C-7    Rev 2/79 | | CC-2004-1045 |

Style:

Darryll Morefield                 Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 11-16-04 | The Defendant with attorney Bill Rayborn appeared before the Court for sentencing. State's Motion to Invoke Habitual Felony Offender Act GRANTED with Defendant stipulating to 3 prior felony convictions. State and Defendant waive Pre-sentence Investigation Report. The Court, having asked the Defendant if he had anything to say prior to sentence and the Defendant saying nothing, PURSUANT TO PLEA AGREEMENT, on Counts I, II, V and VI (impersonating a peace officer, kidnapping second degree, theft of property second degree and theft of property second degree), he is sentenced to the Department of Corrections for 20 years on each count to run concurrently. Pursuant to split sentence act, 20-year sentences suspended conditioned upon the Defendant serving 5 years in the Department of Corrections followed by supervised probation for 3 years, or until all conditions are met, with terms and conditions to be set prior to release. On Counts III and IV (theft of property third degree), he is sentenced to the Montgomery County Detention Facility for 12 months to run concurrently with 5-yr split portion of sentence. On Counts I, II, V, and VI, Defendant ordered to pay Court costs, attorney's fees, and $50 to the Victims Compensation Fund on each count. On Counts III and IV, he is ordered to pay court costs, attorneys fees, and $25 to the Victims Compensation Fund on each count. He is also ordered to pay Restitution in this case in the amount of $758.48. One-half of any monies to which the Defendant may become entitled while incarcerated to be applied toward satisfaction of said amounts. Sentence in this case to run concurrently with all other sentences Defendant is currently serving including any sentence(s) he is serving in the State of Georgia.<br>    Defendant advised of right to appeal.<br><br>                        _Eugene W. Reese_  GENE REESE<br><br>Defendant to be brought back before the court for conditions of probation PRIOR to release from incarceration. Should he be released, he is ordered to report to Montgomery Probation Office within 24 hours. |

COURT OF CRIMINAL APPEALS NO. _____   CR 05-0665

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___MONTGOMERY___ COUNTY, ALABAMA

CIRCUIT COURT NO ___CC 04-1043.60, 1044.60 & 1045.60___

CIRCUIT JUDGE ___EUGENE REESE___

Type of Conviction/ Order Appealed From: _____RULE 32_____

Sentence Imposed: _____

Defendant Indigent: ☑ YES ☐ NO

## ALONZO D. MOREFIELD
### NAME OF APPELLANT

PRO SE                          AIS# 1092228
(Appellant's Attorney)                    (Telephone No.)
GEORGIA STATE PRISON - 2164 HIGHWAY 147
(Address)
REIDSVILLE          AL          30499-9701
(City)              (State)          (Zip Code)

**V.**

## STATE OF ALABAMA
### NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df _____

(For Court of Criminal Appeals Use Only)

### INDEX
### CLERK'S RECORD

CASE ACTION SUMMARY.................................................................. 1-3

RULE 32 PETITION......................................................................... 4-22

MOTION TO DISMISS ACTIVE DETAINER............................................ 23-24

STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND
SENTENCE AND MOTION TO DISMISS.................................................. 25-30

MOTION FOR EVIDENTIARY HEARING.................................................. 31-32

ORDER DISMISSING RULE 32............................................................ 33-34

NOTICE OF APPEAL FOR DENIAL OF RULE 32 PETITION......................... 35-38

CLERK'S NOTICE OF APPEAL............................................................ 39-41

CERTIFICATE OF COMPLETION......................................................... 42

```
ACRO372            ALABAMA JUDICIAL INFORMATION SYSTEM     CAS▇▇▇▇▇▇▇▇▇▇▇
OPER: TOR                 CASE ACTION SUMMARY
PAGE:   1               CIRCUIT   CRIMINAL              RUN DATE: 10/25/2005
========================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                              JUDGE: EWR

STATE  OF  ALABAMA              VS       MOREFIELD ALONZO DARRYLL
                                         GEORGIA STATE PRISON
CASE: CC 2004 001043.60                  2164 HWY 147
                                         REIDSVILLE, GA  30499 0000

DOB: 11/15/1965          SEX: M  RACE: B  HT: 6 03  WT: 200   HR: BLK EYES: BRO
SSN: 420020777  ALIAS NAMES:
========================================================================
CHARGE01:▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇   CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                      AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                 DATE ARRESTED:
DATE    INDICTED:                 DATE    FILED: 10/13/2005
DATE    RELEASED:                 DATE  HEARING:
BOND       AMOUNT:    $10,000.00  SURETIES:

DATE 1:          DESC:                    TIME: 0000
DATE 2:          DESC:                    TIME: 0000

TRACKING NOS: CC 2004 001043 00  /                    /

  DEF/ATY:                  TYPE:                         TYPE:

                       00000                      00000

PROSECUTOR:

========================================================================
OTH CSE: CC200400104300 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER: _____  SID NO:    001407360
DEF STATUS: PRISON          DEMAND:                      OPER: TOR
========================================================================
DATE       ACTIONS,  JUDGEMENTS,  AND  NOTES
========================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 10/28/05 | Copy to DA & Def. |
| 11-22-05 | State's Answer |
| 12-12-05 | Order Denying Rule 32 |
| 1-5-06 | Notice Of Appeal w/ Out forms (rec'd 1-9-06) |
| 1-5-06 | Mo. For Appointment Of Counsel On Appeal |
| 1-11-06 | Certificate of Appeal To Crim Appeals, Ao, DA & Deft B/ forms |

```
.RC872           ALABAMA JUDICIAL INFORMATION SYSTEM    CASE
.PER: TOR                 CASE ACTION SUMMARY
AGE:  1                   CIRCUIT  CRIMINAL              RUN DATE: 10/25/2005
==================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                   JUDGE: EWR

STATE  OF  ALABAMA              VS      MOREFIELD ALONZO DARRYLL
                                        GEORGIA STATE PRISON
CASE: CC 2004 001044.60                 2164 HWY 147
                                        REIDSVILLE, GA  30499 0000

DOB: 11/15/1965         SEX: M  RACE: B  HT: 6 03  WT: 200   HR: BLK EYES: BRO
SSN: 420020777  ALIAS NAMES:
----------------------------------------------------------------------------------
CHARGE01:                       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                           AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                       DATE ARRESTED:
DATE       INDICTED:                    DATE    FILED: 10/13/2005
DATE       RELEASED:                    DATE  HEARING:
BOND       AMOUNT:      $10,000.00      SURETIES:

DATE 1:            DESC:                TIME: 0000
DATE 2:            DESC:                TIME: 0000

TRACKING NOS: CC 2004 001044 00  /                    /

   DEF/ATY:                     TYPE:                         TYPE:

                    00000                          00000

PROSECUTOR:
==================================================================================
OTH CSE: CC200400104400 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER:                   SID NO:   001407360
DEF STATUS: PRISON                DEMAND:                         OPER: TOR
==================================================================================
DATE        ACTIONS, JUDGEMENTS, AND NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 10/28/05 | Copy to DA & Def. |
| 11-22-05 | State's Answer |
| 12-12-05 | Order Denying Rule 32 |
| 1-5-06 | Notice Of Appeal w/out forms (rec'd 1-9-06) |
| 1-5-06 | Mo For Appointment Of Counsel On Appeal |
| 1-11-06 | Certificate Of Appeal To Crim Appeals, AG, DA & Dept w/ forms |

```
ACRO372          ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: ████████████
OPER: TOR                   CASE ACTION SUMMARY
PAGE:   1                   CIRCUIT   CRIMINAL             RUN DATE: 10/25/2005
IN THE CIRCUIT COURT OF MONTGOMERY                                 JUDGE: EWR

STATE  OF  ALABAMA              VS       MOREFIELD ALONZO DARRYLL
                                         GEORGIA STATE PRISON
CASE: CC 2004 001045.60                  2164 HWY 147
                                         REIDSVILLE, GA  30499 0000

DOB: 11/15/1965          SEX: M  RACE: B  HT: 6 03  WT: 200   HR: BLK EYES: BRO
SSN: 420020777  ALIAS NAMES:
CHARGE01: ███████████████    CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                   DATE ARRESTED:
DATE     INDICTED:                  DATE     FILED: 10/13/2005
DATE     RELEASED:                  DATE  HEARING:
BOND       AMOUNT:     $1,000.00    SURETIES:

DATE 1:             DESC:                   TIME: 0000
DATE 2:             DESC:                   TIME: 0000

TRACKING NOS: CC 2004 001045 00  /                    /

   DEF/ATY:                    TYPE:                       TYPE:

                        00000                    00000

PROSECUTOR:


OTH CSE: CC200400104500 CHK/TICKET NO:                GRAND JURY:
COURT REPORTER:                  SID NO:      001407360
DEF STATUS: PRISON               DEMAND:                      OPER: TOR
DATE        │ACTIONS,  JUDGEMENTS,  AND  NOTES
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|-------------------------------|
| 10/28/05 | Copy to DA & Aty. |
| 11-22-05 | State's Answer |
| 12-12-05 | Order Denying Rule 32 |
| 1-5-06 | Notice of Appeal W/Out forms (rec'd 1-9-06) |
| 1-5-06 | Mo For Appointment Of Counsel On Appeal |
| 1-11-06 | Certificate Of Appeal Bto Crim Appeals, AG, DA & Def B/forms |

CASE NUMBER

| ID<br>(To be completed by<br>Court Clerk) | YR | NUMBER |
|---|---|---|

CC 04-1043 - 1045
.60

EWR

IN THE CIRCUIT COURT OF _MontGomery_ COUNTY, ALABAMA

Alonzo Morefield, Jr. ,                    )
                                           )
                    Petitioner,            )
                                           )          CC- 2004 - 1043
                                           )              2004 - 1044
            v.                             )          Case No.: 2004 - 1045
                                           )
STATE OF ALABAMA,                          )
                                           )
                    Defendant.             )

FILED 2005 OCT 17 AM 10:59 CIRCUIT COURT OF MONTGOMERY CO. AL.

---

### DECLARATION IN SUPPORT OF REQUEST TO PROCEED
### IN FORMA PAUPERIS

---

I, _Alonzo Morefield, Jr._ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.    Are you presently employed?        Yes _____        No ___X___

   a.    If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

      _____

      _____

   b.    If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

      _____

      _____

2.    Have you received within the past twelve months any money from any of the following sources?

-1-

a.  Business, profession, or other form of self-employment?
    Yes _____     No _____

b.  Rent payments, interest, or dividends?
    Yes _____     No _____

c.  Pensions, annuities, or life insurance payments?
    Yes _____     No _____

d.  Gifts or inheritances?
    Yes _____     No _____

e.  Any other sources?
    Yes _X_     No _____

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

10.00 As A Donation From ex - Church Member.

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

    Yes _____     No _X_

    (Include any funds in prison accounts.)

    If the answer is "yes," state the total value of the items owned.

    _____

    _____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

    Yes _____     No _X_

    If the answer is "yes," describe the property and state its approximate value.

    _____

    _____

-2-

5.     List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

No one

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on  9-12-05 .
(date)

Signature of Petitioner

Certificate

I hereby certify that the petitioner herein has the sum of S ___—0___ on account to his credit at the  GEORGIA STATE PRISON  institution where he is confined.  I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _____ institution:

SEP 1 2 2005

DATE

AUTHORIZED OFFICER OF INSTITUTION

-3-



Page 1

# History of Accounts
### Offender MOREFIELD , ALONZO - GDC ID1092228
Created On: 09/12/2005 @ 12:22

Outstanding Obligation Balance = $151.65

Click HERE to view Syscon account hist

| Location | Opened | Closed | Spendable | Reserved | Receipts on Hold | Funds Balance |
|---|---|---|---|---|---|---|
| HAYS STATE PRISON | 12/12/2003 | 12/12/2003 | .00 | .00 | .00 | .00 |
| GA STATE PRISON | 08/11/2003 | | .00 | 10.00 | .00 | 10.00 |

### Obligations History

| Obligations | Balance |
|---|---|
| DISCIPLINARY REPORT FEE | .00 |
| MONTHLY PROCESSING FEE | 1.00 |
| INDIGENT LOAN | 150.65 |

### No Court Charges Found.

*998 - 2002 Georgia Department of Corrections*
your system questions and recommendations to us

*JUDGE COPY*



IN THE CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

_Alonzo Morefield, Jr._

                )
                )
           Petitioner,    )    CC: 2004-1043.60 EVR
                )         2004-1044.60
v.                )   Case No. 2004-1045.60
                )
STATE OF ALABAMA,      )
                )
          Defendant.    )

FILED 2005 OCT 17 AM 10:59 CIRCUIT COURT OF MONTGOMERY COUNTY

**PETITION FOR RELIEF FROM**
**CONVICTION OR SENTENCE**
(Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

---

Petitioner's Prison Number: _1092228_

Place of Confinement: _Montgomery County Detention Facility until 12/2004_    _Currently Georgia State Prison Reidsville, GA._

County of Conviction: _Montgomery_

**NOTICE:**    BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.

1.    Name and location (city and county) of court which entered the judgment of conviction or sentence under attack: _Circuit Court of Montgomery County_ _C/s Montgomery County Courthouse, Montgomery, AL 36102_

2.    Date of judgment or conviction: _November 16, 2004_

3.    Length of sentence: _20 years - Split to serve 5 years_

4.    Nature of offense(s) involved (all counts): _2004-1043. CT 1 - Impersonating a officer. CC 2004-1044 - Impersonating a officer, Theft of Property 2 counts. 2004-1045 - Impersonating a officer, Theft of Property, 3 counts._

---

-1-

5.      What was your plea? (Check one)

    (A)    Guilty         ✗

    (B)    Not Guilty    ___

    (C)    Not Guilty by reason of mental disease or defect    ___

    (D)    Not Guilty and not guilty by reason of mental disease or defect    ___

    If you entered a guilty plea to a one count indictment, and a not guilty plea to

    another count or indictment, give details:_____

    _____

    _____

6.      Kind of trial: (Check one)

    (A)    Jury    ___              (B)    Judge only    ✗

7.      Did you testify at trial?

        Yes    ___              No    ✗

8.      Did you appeal from the judgment or conviction?

        Yes    ___              No    ✗

9.      If you did appeal, answer the following:

    (A)    As to the state court to which you first appealed, give the following
        information:

        (1)    Name of Court:    N/A _____

        (2)    Result:    N/A _____

                _____

        (3)    Date of Result:    N/A _____

    (B)    If you appealed to any other court, then as to the second court to which
        you appealed, give the following information:

(1)  Name of Court: _N/A_

(2)  Result: _N/A_

_____

(3)  Date of Result: _N/A_

(C)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of Court: _N/A_

(2)  Result: _N/A_

_____

(3)  Date of Result: _N/A_

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ___    No _X_

11.  If your answer to Question 10 was "yes," then give the following information in regard to the first such petition, application, or motion you filed:

(A)  (1)  Name of Court: _N/A_

(2)  Nature of Proceeding: _N/A_

(3)  Grounds raised: _N/A_

_____

_____

(Attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?    Yes ___    No ___

(5)  Result _N/A_

-3-

(6)     Date of Result: _____ N/A _____

(B)     As to any second petition, application, or motion, give the same information:

(1)     Name of Court: _____ N/A _____

(2)     Nature of Proceeding: _____ N/A _____

(3)     Grounds raised: _____ N/A _____

_____

_____

(Attach additional sheets if necessary)

(4)     Did you receive an evidentiary hearing on your petition,

application, or motion?     Yes ____     No ____

(5)     Result _____ N/A _____

(6)     Date of Result: _____ N/A _____

(C)     As to any third petition, application, or motion, give the same information:

(1)     Name of Court: _____ N/A _____

(2)     Nature of Proceeding: _____ N/A _____

(3)     Grounds raised: _____ N/A _____

_____

_____

(Attach additional sheets if necessary)

(4)     Did you receive an evidentiary hearing on your petition,

application, or motion?     Yes ____     No ____

(5)     Result _____ N/A _____

(6)     Date of Result: _____ N/A _____

(D)    Did you appeal to any appellate court the result of the action taken on any
petition, application, or motion?

    (1)    First Petition, etc.    Yes ____    No ⤫

    (2)    Second Petition, etc.    Yes ____    No ⤫

    (3)    Third Petition, etc.    Yes ____    No ⤫

ATTACH ADDITIONAL SHEETS GIVING THE SAME
INFORMATION FOR ANY SUBSEQUENT PETITIONS,
APPLICATIONS, OR MOTIONS.

(E)    If you did not appeal when you lost on any petition, application, or motion,
explain briefly why you did not: ___ N/A _____

_____

_____

12.    Specify every ground on which you claim that you are being held unlawfully, by
placing a check mark on the appropriate line(s) below and providing the required information.
Include all facts. If necessary, you may attach pages stating additional grounds and the facts
supporting them.

### GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that
apply in your case, and follow the instructions under the ground(s):

____ A. The Constitution of the United States or of the State of Alabama requires a new trial, a
new sentence proceeding, or other relief. For your information, the following is a list of
the most frequently raised claims of constitutional violation:

✓(1)    Conviction obtained by plea of guilty which was unlawfully induced or not made
voluntarily with understanding of the nature of the charge and the consequences
of the plea.

(2)    Conviction obtained by use of coerced confession.

(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional
search and seizure.

(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)    Conviction obtained by violation of the privilege against self-incrimination.

(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)    Conviction obtained by a violation of the protection against double jeopardy.

(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected or impaneled.

(9)    Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground for relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

___ B. The court was without jurisdiction to render the judgment or to impose the sentence.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ C. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ D. Petitioner is being held in custody after his sentence has expired.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ E. Newly discovered material facts exist which require that the conviction or sentence be vacated because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

–6–

The facts are not merely cumulative to other facts that were known; and

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ F. The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's fault.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.    IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS. RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:

"Successive Petitions. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?    Yes ___    No ✗

B.    If you checked "Yes," give the following information as to earlier petition(s) attacking this conviction or sentence:

(a)    Name of court _____ N/A _____

(b)    Result _____ N/A _____

(c)    Date of result _____ N/A _____

(Attach additional sheets if necessary)

C.     If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUNDS(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.     Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

     Yes _____          No.  ___X___

15.     Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a)     At preliminary hearing _Stacy Reed, 400 S Union St. Montgomery, AL 36104_

(b)     At arraignment and plea _William Rayborn, 8650 Minnie Brown Rd. Ste 221, Montgomery, AL 36117_

(c)     At trial _____
_____

(d)     At sentencing _____
_____

(e)     On appeal _____
_____

(f)     In any post-conviction proceeding _____
_____

(g)     On appeal from adverse ruling in a post-conviction proceeding _____
_____

16.     Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

     Yes  ___X___          No  _____

-8-

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____      No _✗_

(a)    If so, give name and location of court which imposed sentence to be served in the future: _____ _N/A_ _____

_____

(b)    And give date and length of sentence to be served in the future: _____
_____ _N/A_ _____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____      No _____

18.    What date is this petition being mailed?
_SEPTEMBER 22, 2005_ _____

Wherefore, petitioner prays that the Court grant petition relief to which he may be entitled in this proceeding.


PETITIONER'S VERIFICATION UNDER OATH
SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.
Executed on _____ _September 15, 2005_ _____.
(Date)

_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _____ day of _____,
19_____.


_____
Notary Public

–9–

## *DECLARATION UNDER PENALTY OF PERJURY*

YOU MUST DECLARE UNDER PENALTY OF PERJURY THAT THE ANSWERS AND INFORMATION YOU HAVE GIVEN HEREIN ARE TRUE AND CORRECT. GIVING FALSE ANSWERS OR INFORMATION WILL SUBJECT YOU TO PERJURY CHARGES UNDER BOTH *FEDERAL* AND *STATE* LAW.

Understanding the above, I declare under penalty of perjury that the foregoing answers and information provided by me are true and correct.

Executed this <u>22ND</u> day of <u>SEPTEMBER</u>, 19<u>2005</u>.

<u>Alonzo _____</u>
Signature of Declarant

# GROUNDS FOR PETITION

1) CONVICTION OBTAINED by plea of Guilt which was UNLAWFULLY INDUCED OR NOT MADE VOLUNTARILY with UNDERSTANDING OF the NATURE OF The CHARGE AND The CONSEQUENCES OF The PLEA.

DEFENDANTS SUPPORTING FACTS:

UPON APPEARING beFORE The COURT IN THIS CASE I DID NOT KNOW I WAS pleADING GUILTY to CRIMES I DID NOT COMMIT. I AM CURRENTLY AND WAS At The TIME ON MENTAL HEALTH MEDICATION Which effect My Ability to THINK RATIONAlly AND UNDERSTAND THE COURTS INSTRUCTIONS. I WAS IMPAIRED ON NOVEMBER 16, 2004. My MENTAL HEALTH Records ARE AVAILABLE UPON ReQUEST.

2) DENIAL OF effective ASSISTANCE OF COUNSEL.

DEFENDANTS SUPPORTING FACTS:

MY TRIAL ATTORNEY COERCED ME to plEAD GUILTY AND IN DOING SO COMPROMISED MY CASE, HAD it NOT been FOR COUNSELS ERRORS, DEFENDANT WOULD HAVE DEMANDED A JURY TRIAL. COUNSEL ERRORED IN The FOLLOWING AREAS; A) BAD STRATEGY B) COUNSELS PERFORMANCE WAS UNREASONABLE C) DEFENDANT SuffERED prejudice.

COUNSELS CONDUCT WAS defective AND ERRORS WERE MADE SO DEFICIENT AND bLATANT, THAT COUNSEL WAS NOT FUNCTIONING Which is GUARANTEED to DEFENDANT by The 6th AMENDMENT. HAD it NOT been FOR COUNSELS ERRORS, The OUTCOME OF this CASE WOULD HAVE been DIFFERENT.

IN THE CIRCUIT COURT OF MONTGOMERY
COUNTY, ALABAMA

Alonzo Morefield, Jr.,
    Petitioner,

vs-

State of Alabama,
    Defendant.

CASE NO. CC: 2004-1043, 1044, 1045

## MOTION FOR APPOINTMENT POST CONVICTION COUNSEL FOR RULE 32 PETITION

Comes Now The Petitioner in this Action Asking This Honorable Court To Appoint Post Conviction Counsel To Represent The Petitioner In The Rule 32 Petition For Relief From Conviction or Sentence. The Petitioner Declares That he Is Indigent And Can Not Afford to hire Counsel In This Matter.

Accordingly, The General Alabama Code 15-12-23 AND 15-12-23(Q) Provides That In Proceedings In Circuit Court Involving Life, Liberty of Those Convicted of Serious Criminal Offenses Involving Habeas Corpus And Other Post Conviction Remedies And Appeals of Such Proceedings, The Court May Appoint Counsel to Represent Persons So Convicted if it Appears to The Court That The Convicted Person Is Financially Unable to Retain Counsel And Desires Assistance of Counsel.

This The 21st Day of September, 2005.

Alonzo Morefield Jr.

Alonzo Morefield, Jr. Petitioner
I.D. No. 1092228
c/o Georgia State Prison
300 1st Ave
Reidsville, GA. 30453

Custodial Authority
Georgia Dept. of Corrections
c/o Georgia State Prison
Attn: Hugh Smith - Warden
300 1st Ave
Reidsville, GA. 30453
(912) 577-7222

# CERTIFICATE OF SERVICE

I CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED ON OPPOSING COUNSEL BY REQUESTING THE MONTGOMERY COUNTY ALABAMA CIRCUIT COURT FILE CLERK TO FORWARD A COPY OF THIS MOTION TO DEFENDANT BY HAND DELIVERY.

    1. DISTRICT ATTORNEY, MONTGOMERY COUNTY, ALABAMA
    C/O MONTGOMERY COUNTY COURTHOUSE
    MONTGOMERY COUNTY, ALABAMA    36102

THIS THE __21st__ DAY OF SEPTEMBER, 2005.

        _Alonzo Morefield Jr._
        ALONZO MOREFIELD, JR.
        PETITIONER

Alonzo Morefield, Jr. 1097228
300 1st Ave
Reidsville, GA. 30453

Melissa Rittenour, Clerk
Circuit Court, Montgomery County
PO Box 1667
Montgomery, AL 36102-1667

October 13, 2005

To whom it may concern,

I need the status on the following issues;

1.) Status and hearing date concerning case no. CV-04-002812-00
   A) How long does the court have to schedule a hearing?

2.) I filed a petition for Rule 32 consideration of case no.:
   2004-CC: 1043, 1044, 1045. What is the status of this
   filing?
   A) Why didn't I receive a filed copy of my petition back?
      I mailed you 3 copies.

   B) How long, by law, does the court have to schedule a
      hearing on a Rule 32 petition?

3.) Forward me complete and entire case action summaries for
   the following cases;
      A) Case no. 2004-CC-1043, 1044, 1045
      B). Case no. CV 2004.002812.00

Your prompt attention and reply is requested.

Thank you,

Alonzo Morefield Jr.

Alonzo Morefield, Jr

cos File

NOTE! Find the Rule 32 forms enclosed that
you returned to me. The Forma Pauperis
form is also enclosed. I'm sorry for
the delay.

Melissa Rittenour,
Clerk, Circuit Court
c/o Montgomery County Courthouse
PO Box 1667
Montgomery, AL 36102-1667

Please find enclosed 3 sets of a Rule 32
Petition for filing and Distribution as follows:
   1. Copy to Judge
   1 Copy to District Attorneys office by HAND Delivery
   1 Copy to be DATE/Time stamped And Returned to
   Petitioner at: Alonzo Morefield, Jr. 1092228
        300 1ST Ave
        Reidsville, GA. 30453

Also find a Motion for Appointment of Post
Conviction Counsel for a 32 Petition. Please
file and Distribute as follows:
   1 Copy to Judge
   1 Copy to District Attorney by HAND Delivery,
   1 Copy to be Filed, DATE/Time stamped And Returned
to Petitioner at: Alonzo Morefield, Jr. 1092228
        300 1ST Ave
        Reidsville, GA. 30453

Thank you,

Alonzo Morfie

Alonzo Morefield, Jr.
Petitioner

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 OCT 24 AM 10:59





IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
ALABAMA

STATE OF ALABAMA,
PLAINTIFF

VS -                                    CASE NO.: CC-2004-1043, 1044,
                                                              1045
ALONZO MOREFIELD, JR.        JUDGE EUGENE W. REESE
DEFENDANT.

## MOTION TO DISMISS ACTIVE DETAINER

COMES NOW DEFENDANT, PRO SE, ASKING THIS COURT
FOR A ORDER COMPELLING ALABAMA DEPARTMENT OF
CORRECTIONS TO DISMISS THE ACTIVE DETAINER PLACED
AGAINST DEFENDANT. IN SUPPORT OF THIS MOTION DEFENDANT
SUBMITS THE FOLLOWING:

1. ON NOVEMBER 16, 2004, DEFENDANT WAS SENTENCED TO A
(5) FIVE YEAR TERM OF IMPRISONMENT BY THIS COURT FOR
GUILTY PLEAS OF MULTIPLE COUNTS OF THE ABOVE LISTED
INDICTMENTS. SENTENCE TO RUN CONCURRENTLY WITH DEFENDANTS
GEORGIA SENTENCE.

2. DEFENDANT IS CURRENTLY INCARCERATED WITH GEORGIA
DEPT. CORRECTIONS AND IS NOT SCHEDULED FOR RELEASE UNTIL
2020. DEFENDANT HAS NO OPPORTUNITY FOR EARLY RELEASE
UNDER GEORGIA LAW 17-10-6.1. DEFENDANTS ALABAMA
SENTENCE EXPIRES IN JULY 2009.

3. ON JUNE 16, 2005, KATHY HOILT OF THE ALABAMA DEPARTMENT
OF CORRECTIONS REQUESTED A DETAINER BE PLACED WITH THE
GEORGIA DEPT. CORRECTIONS. DEFENDANTS ALABAMA SENTENCE
WILL EXPIRE PRIOR TO DEFENDANTS RELEASE FROM HIS GEORGIA
SENTENCE, WITH BOTH SENTENCES IN ALABAMA AND GEORGIA
RUNNING CONCURRENTLY. THE DETAINER IS UNWARRANTED
AND A ABUSE OF THE INTERSTATE COMPACT AGREEMENT
ON DETAINERS.

4. BECAUSE OF SAID DETAINER, DEFENDANT IS UNABLE TO
PROPERLY PROGRAM AND HIS STATUS WITH GEORGIA DEPT. OF
CORRECTIONS IS NEGATIVELY EFFECTED ALONG WITH ANY
PRIVILEGES.

JUDGE'S COPY

FOR The REASONS STATED herein, defendant REQUESTS This honorable COURT FOR A ORDER TO COMPEll The Alabama DEPARTMENT OF CORRECTIONS TO DISMISS The ACTIVE DETAINER AGAINST DEFENDANT FOURTHWITH AS It SERVES No purpose OF JUDICIAL LAW.

THIS The 17th DAY OF November , 2005 .

Alonzo Morefield Jr

CUSTODIAL AUTHORITY                    Alonzo MOREFIELD, JR.
GEORGIA DEPT. CORRECTIONS              PRO Se DEFENDANT
C/o GEORGIA STATE PRISON               No. 1092228, 300 1ST AVE
ATTN: HUGH SMITH - WARDEN              REIDSVILLE, GA. 30453
300 1ST AVE
Reidsville, GA. 30453
912-577-7222

## CERTIFICATE OF SERVICE

This IS TO CERTIFY THAT A TRUE AND CORRECT COPY OF This MOTION hAS been SERVED UPON The OPPOSING PARTIES OF THIS ACTION by REQUESTING The CIRCUIT COURT FILE CLERK OF MONTGOMERY, COUNTY ALABAMA TO FORWARD COPIES OF THIS MOTION by HAND DELIVERY AND/OR U.S. MAIL with PROPER POSTAGE ATTACHED.

THIS The 17th DAY OF November , 2005 .

Alonzo Morefield Jr

Alonzo MOREFIELD, JR.
PRO Se DEFENDANT.



IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,          )
     Plaintiff,          )
                   )
v.          )   Case No.:  CC–04-1043, 44, 45–EWR
                   )
ALONZO DARRYLL MOREFIELD,          )
     Defendant.          )

## STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND SENTENCE AND MOTION TO DISMISS

        COMES NOW the State of Alabama, by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss

the Petition for Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal

Procedure, and as grounds states the following:

### PROCEDURAL HISTORY

        Alonzo Darryll Morefield (hereinafter referred to as the Petitioner) was indicted

by the Montgomery County Grand Jury in the February term of 2000 for Three Counts of

Impersonating a Peace Officer, Two Counts of Theft of Property III, Kidnapping II, and

Theft of Property II.  The Honorable William Rayburn represented the Defendant in this

matter.

        On October 26, 2004 the Petitioner pled guilty.

        The Court conducted a sentencing hearing on November 16, 2004.  This

Honorable Court then sentenced Petitioner to 20 years in the penitentiary split to serve 5.

        On October 13, 2005 the Petitioner filed this Rule 32 Petition for Relief from

Conviction and Sentence.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, the Petitioner alleges the following grounds in support of his claims:

1. Petitioner was denied effective assistance of trial counsel.

2. Conviction obtained through unknowing, voluntary, and/or intelligent.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## ARGUMENT

## I.  INEFFECTIVE ASSISTANCE OF COUNSEL

## A.  STANDARD OF REVIEW

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that he was prejudiced by that deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984). This Court must avoid using the benefit of hindsight and must evaluate counsel's conduct as of the time of trial. Ex parte Lawley, 512 So. 2d 1370 (Ala. 1987). When the Court is reviewing a claim of ineffective assistance of counsel, it must indulge a strong presumption that counsel's conduct was appropriate and reasonable. The Court stated:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act, or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct fall within the wide range of reasonable professional assistance; that is, the defendant must overcome

the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 (citations omitted). "Counsel's conduct must be considered within the context of the facts of the particular case and as of the time of the alleged misconduct." Ex parte Baldwin, 456 So. 2d 129, 134 (Ala. 1984), aff'd, 472 U.S. 373, 105 S.Ct. 2727 (1985).

Even if deficient performance is proved, a showing of prejudice is also required. A claimant must show that "but for" counsel's deficient performance the results of the proceedings would have been different. Howard v. State, 551 So. 2d 1155, 1158 (Ala.Crim.App. 1989). Prejudice is proved only when there "exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Burnett v. State, 651 So. 2d 57, 58 (Ala.Crim.App. 1994); citing Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial." Id. To prove prejudice, the alleged errors of counsel must "so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986).

## B. APPLICATION OF STANDARD TO PETITION

The State contends that Petitioner's allegations are without merit. Petitioner was represented in this matter by extremely able and experienced counsel who at all times acted competently and professionally. Apart from bare allegations by Petitioner, there is no evidence whatsoever to support Petitioner's claim of ineffective assistance of counsel

during the trial and sentencing phases. There is also no evidence to show that defense

counsel's decisions "so upset the adversarial balance between defense and prosecution

that the trial was rendered unfair and the verdict rendered suspect." Lockhart v. Fretwell,

506 U.S. 364, 369 (1993); citing Kimmelan v. Morrison, 477 U.S. 365, 374 (1986).

Furthermore, Strickland requires this Court to examine defense counsel's conduct and

Petitioner's plea with a strong presumption that counsel's conduct was appropriate and

reasonable. Strickland, 466 U.S. at 689. When defense counsel's conduct is examined in

such a light, it becomes evident that Petitioner's argument is unfounded. Where the

petitioner failed to allege facts sufficient to support his allegations of ineffective

assistance of counsel, summary dismissal of the petition was proper. Boles v. State, 717

So.2d 877 (Ala.Crim.App.1998).


## II. UNLAWFULLY INDUCED PLEA

Defendant alleges that his plea of guilty on October 26, 2004 was uninformed or

not knowingly made. This claim is utterly without merit. The Defendant/Petitioner was

questioned under oath and on the record by the Honorable Judge Eugene Reese. He was

informed of his rights, asked if he understood what he was doing in changing his plea

from not guilty to guilty. He heard State's evidence regarding the crimes committed and

answered guilty when asked how he pled. Petitioner also answered in the affirmative if

his signature was on the plea form and if his attorney had gone over his rights, the rights

he would be giving up by pleading guilty, and the possible sentence the Court could

impose upon him. Contrary to Petitioner's allegation, his plea was knowing, voluntary,

and intelligent.

Petitioner alleges that his mental health at the time of the offense made it impossible for him to understand the instructions given to him at the plea by the Court. This, however, the Court should reject based on the above arguments under the section for ineffective assistance of counsel. Petitioner again has nothing but bare allegations which do not rise to the level needed in order to grant an evidentiary hearing on his Rule 32 petition. The State moves that this Honorable Court deny this claim.

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support Petitioner's conviction and sentence; thus, Mr. Morefield's petition is due to be denied without an evidentiary hearing. The Petitioner's current Rule 32 petition is full of allegations yet the Petitioner provides no evidence to support his claims. He had every opportunity to present any and all evidence he has and did not do so. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Morefield's Petition for Relief from Conviction and Sentence without an evidentiary hearing, and requests this Honorable Court to deny the Petitioner's motion for appointment of counsel for that purpose.

Respectfully submitted on this the _22_ day of November, 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____

MATTHEW D. SHADDRIX (SHA067)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the Petitioner,

Alonzo Darryll Morefield # 1092228, 2164 Hwy 147, Reidsville, GA 30499 by placing

the same in the U. S. Mail, postage prepaid and properly addressed this the _22_ day of

November, 2005.

ELEANOR L BROOKS
DISTRICT ATTORNEY

MATTHEW D. SHADDRIX
Deputy District Attorney

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

ALONZO MOREFIELD, JR.,
PETITIONER,

VS

STATE OF ALABAMA,
DEFENDANT.

CASE NO.
CC-04-1043, 1044, 1045 EWR



# MOTION FOR EVIDENTIARY HEARING

COMES NOW PETITIONER REQUESTING ~~This~~ HONORABLE COURT TO GRANT A EVIDENTIARY HEARING ON PETITIONERS RULE 32 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE. IN SUPPORT OF THIS MOTION PETITIONERS SUBMITS THE FOLLOWING;

1. ON OCTOBER 17, 2005, PETITIONER FILED A PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO RULE 32 ALABAMA RULES OF CRIMINAL PROCEDURE.

2. ON NOVEMBER 29, 2005, PETITIONER RECEIVED STATES/DEFENDANTS ANSWER FILED ON NOVEMBER 22, 2005.

3. STATE/DEFENDANT DENIED ALL CLAIMS MADE BY PETITIONER IN INITIAL PETITION. FURTHERMORE, STATE ASKED THIS COURT TO DENY PETITIONERS CLAIM FOR RELIEF IN THIS ACTION AND TO DENY PETITIONERS MOTION FOR APPOINTMENT OF COUNSEL IN THIS MATTER. PETITIONER ASK THIS HONORABLE COURT FOR A OPPORTUNITY FOR PETITIONER TO PROVE HIS CASE AT A EVIDENTIARY HEARING. PETITIONER HAS WITNESSES WHICH WILL TESTIFY AS TO PETITIONERS MENTAL HEALTH STATUS DURING THE GUILTY PLEA HEARING ON OCTOBER 26, 2004 AND SENTENCING HEARING NOVEMBER 16, 2004. ALSO PETITIONER WOULD CALL WITNESSES TO REFUTE STATES CLAIM THAT PETITIONER RECEIVED ADEQUATE REPRESENTATION. CONDUCT OF PETITIONERS ATTORNEY WAS DEFICIENT AND FELL BELOW A OBJECTIVE STANDARD OF REASONABLENESS AND HAD IT NOT BEEN FOR COUNSELS GROSS NEGLIGENCE WHICH PREJUDICED PETITIONERS ABILITY TO GET A FAIR TRIAL, THE OUTCOME OF PETITIONERS CASE WOULD HAVE BEEN DIFFERENT.

4. WITNESSES WOULD BE CALLED TO TESTIFY AT EVIDENTIARY HEARING TO SUBSTANTIATE PETITIONERS CLAIMS.

# CONCLUSION

FOR The Above STATED REASONS PETITIONER should be GRANTED A EVIDENTIARY HEARING TO FACILITATE A OPPORTUNITY FOR PETITIONER TO PROVE The CIAIMS STATED IN PETITION FOR RELIEF OF CONVICTION OR SENTENCE. AT SAID HEARING PETITIONER WILL PROVIDE evidence to SUBSTANTIATE AII PETITIONERS CIAIMS. FURTHERMORE PETITIONER ASK THIS COURT TO GRANT MOTION FOR APPOINTMENT OF POST CONVICTION COUNSEL FOR RULE 32 PETITION. THE APPOINTED ATTORNEY WILL be Responsible FOR APPEARANCE OF AII PETITIONER WITNESSES AND evidence to SUPPORT PETITIONERS CIAIMS.

RESPECTFUIIY SUBMITTED THIS 1ST DAY OF December, 2005.

BY: _Alonzo Morefield Jr_

CUSTODIAL AUTHORITY
GEORGIA DEPT. OF CORRECTIONS
c/o GEORGIA STATE PRISON
ATTN: HUGH SMITH-WARDEN
300 1ST Ave
Reidsville, GA. 30453
912-577-7222

Alonzo MOREFIELD, JR.
PRO SE PETITIONER
NO. 1092228
300 1ST Ave
Reidsville, GA. 30453

# CERTIFICATE OF SERVICE

I hereby CERTIFY THAT I hAve SERVED A COPY OF The FOREGOING ON DEFENDANT/ STATES ATTORNEY by REQUESTING MONTGOMERY COUNTY CIRCUIT COURT FIIE CLERK to hAND DELIVER A COPY OF THIS MOTION TO MATHEW SHADDRIX, ASST. DISTRICT ATTORNEY, MONTGOMERY COUNTY ALABAMA.

THIS THE 1ST DAY OF December, 2005.

_Alonzo Morefield Jr_

Alonzo MOREFIELD, JR.
PRO SE PETITIONER



## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

STATE OF ALABAMA,    )
  Plaintiff,      )
            )
v.           ) Case No.:  CC–04–1043, 44, 45 –EWR
            )
ALONZO DARRYLL MOREFIELD, )
  Defendant.      )

### ORDER

   This matter is before the Court on Petitioner's Petition For Relief From
Conviction Or Sentence, filed pursuant to Rule 32, A.R.CR.P., and the State's Answer to
Petition for Relief and Motion to Dismiss.

   Alonzo Darryll Morefield (hereinafter referred to as the Petitioner) was indicted
by the Montgomery County Grand Jury in the February term of 2000 for Three Counts of
Impersonating a Peace Officer, Two Counts of Theft of Property III, Kidnapping II, and
Theft of Property II.  The Honorable William Rayburn represented the Defendant in this
matter.

   On October 26, 2004 the Petitioner pled guilty.

   The Court conducted a sentencing hearing on November 16, 2004.  This
Honorable Court then sentenced Petitioner to 20 years in the penitentiary split to serve 5.

   On October 13, 2005 the Petitioner filed this Rule 32 Petition for Relief from
Conviction and Sentence.

   Petitioner alleges that he was denied effective assistance of trial counsel.  Apart
from bare allegations by Petitioner, there is no evidence whatsoever to support
Petitioner's claim of ineffective assistance of counsel.  Petitioner has also failed to show
that he was prejudiced by defense counsel's actions.   The Court record reflects as much.
Furthermore, Strickland requires this Court to examine defense counsel's conduct and
Petitioner's plea with a strong presumption that counsel's conduct was appropriate and
reasonable.  Strickland, 466 U.S. at 689.  When defense counsel's conduct is examined in
such a light, it becomes evident that Petitioner's argument is unfounded.  When the

RECEIVED
12-12-05
CIRCUIT COURT CLERK

petitioner failed to allege facts sufficient to support his allegations of ineffective assistance of counsel, summary dismissal of the petition was proper.  Boles v. State, 717 So.2d 877 (Ala.Crim.App.1998).

Petitioner's claim that his plea was unlawfully induced is also false and due to be denied.  Again, Petitioner presents nothing to support his claim other than bare allegations.

Upon consideration thereof, and having taken judicial notice of the Court's own records, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Petition is hereby **SUMMARILY DISMISSED** without an evidentiary hearing pursuant to Rule 32.7(d) of the Alabama Rules of Criminal Procedure.  Petitioner's motion for appointment of counsel is **DENIED**.

**DONE** this ____ day of November 2005.

_____
Hon. Eugene W. Reese
Circuit Judge
Fifteenth Judicial Circuit

C.C. Matthew Shaddrix
Alonzo Morefield

# IN THE STATE COURT OF CRIMINAL APPEALS FOR MONTGOMERY COUNTY, ALABAMA

ALONZO MOREFIELD, JR.
    PETITIONER,

VS-

STATE OF ALABAMA,
    RESPONDENT.

CIRCUIT COURT CRIMINAL CASE NO(S)
CC-2004-1043, 1044, 1045 -EWR

## NOTICE OF APPEAL FOR DENIAL OF RULE 32 PETITION

COMES NOW PETITIONER, PRO SE, SUBMITTING THIS NOTICE OF APPEAL FOR DENIAL OF RULE 32 PETITION FOR RELIEF FROM CONVICTION OR SENTENCE PURSUANT TO RULE 4 OF THE ALABAMA RULES OF APPELLATE PROCEDURE.

PETITIONER FURTHER REQUEST THIS COURT TO ORDER A EVIDENTIARY HEARING ON THIS APPEAL. THUS PROVIDING THE PETITIONER A OPPORTUNITY TO ARGUE HIS STATEMENT OF CLAIMS IN OPEN COURT. IN SUPPORT OF THIS NOTICE OF APPEAL, PETITIONER SUBMITS THE FOLLOWING:

1. ON NOVEMBER 16, 2004, HONORABLE CIRCUIT JUDGE EUGENE W. REESE OF FIFTEENTH JUDICIAL CIRCUIT SENTENCED THE PETITIONER TO 20 YEARS IN THE PENITENTIARY SPLIT TO SERVE 5.

2. ON OCTOBER 17, 2005, PETITIONER FILED A RULE 32 PETITION FOR RELIEF FROM CONVICTION AND SENTENCE.

3. ON NOVEMBER 22, 2005, STATE OF ALABAMA FILED A ANSWER TO PETITIONERS RULE 32 PETITION.

4. ON DECEMBER 5, 2005, PETITIONER FILED A INDEPENDENT MOTION RELATING TO HIS RULE 32 PETITION REQUESTING A EVIDENTIARY HEARING ON RULE 32 PETITION.

5. ON DECEMBER 5, 2005, JUDGE EUGENE REESE ISSUED A ORDER DENYING PETITIONERS RULE 32 PETITION AND DENYING PETITIONERS MOTION FOR APPOINTMENT OF COUNSEL WITHOUT A EVIDENTIARY HEARING.

6. PETITIONER SUBMITS THE FOLLOWING AS STATEMENTS OF CLAIMS REGARDING THE INSTANT APPEAL.

A. Respondent and the Court made written reference to Petitioners Rule 32 Petition being filed on October 13, 2005. This is incorrect. Petitioners Rule 32 Petition was filed on October 17, 2005. This is a procedural error and violates Petitioners constitutional rights under due process.

B. Rule 32.7, Alabama Rules of Criminal Procedure provides that the State MUST respond to the petition within 30 days of it's service or within the time otherwise specified by the court. State filed it's answer to Petitioners Rule 32 Petition on November 22, 2005. Clearly beyond the 30 day requirement prescribed by law. Petitioners Rule 32 Petition was filed with the Clerk of Montgomery County Alabama on October 17, 2005. Petitioner knew of no subsequent date or extension issued by the court for a delay in States answer. Thus this error is procedural and violates Alabama Law identified herein and is a constitutional violation of due process by Respondent. Had Petitioner filed a out-of-time Rule 32 Petition, the court would have summarily dismissed Petitioners entire Petition. Thus Petitioner was prejudiced by the court allowing Respondent to proceed without addressing this error.

C. <u>INEFFECTIVE ASSISTANCE OF COUNSEL</u>

Petitioner contends that his trial attorney coerced him to plead guilty to crimes he did not commit and in doing so compromised Petitioners liberty. Petitioners guilty plea was not made voluntarily, intelligently or with the understanding of the charges against him or consequences of the guilty plea. Petitioner further states that his trial attorney's performance fell below a reasonable standard of objectiveness and as a result Petitioner was prejudiced by trial counsels errors. Petitioners 6th Amendment rights were violated.

State indicates that Petitioners attorney was experienced but in fact Petitioners trial counsel was new to criminal law and was often unsure of Alabama statue and criminal law procedure. Petitioners trial counsel was a civil litigant prior to converting to criminal law. Stinson vs State, 669 so 2d 1010; Canto vs State, 660 so. 2d 1026.

Petitioners attorney conducted no pre-trial investigation and advised Petitioner that he was intimidated by States prosecutor and took said States attorney to dinner in a effort to gain comfort in his representation before States attorney Shadrix. This in and of itself shows that defense

(2)

UPSET THE ADVERSARIAL balance between defense AND PROSECUTION Rendering TRIAL AND/OR Subsequent hearings To be UNFAIR. LOCKHART vs Fretwell, 506 U.S. 364, 369. Due To PETITIONERS MENTAL HEALTH STATUS AND Consumption OF PSYCHOTROPIC MEDICATION PRIOR TO AND ON THE DATE OF All CRIMINAL PROCEEDINGS IN THIS CASE, PETITIONER WAS IMPAIRED AND UNABLE To MAKE A VOLUNTARY, intelligent plea IN THIS CASE. DEFENSE COUNSEL FAILED To INFORM THE COURT OF THIS ISSUE AND OBTAIN MENTAL HEALTH RECORDS FROM THE MONTGOMERY COUNTY DETENTION FACILITY, GEORGIA STATE PRISON MENTAL HEALTH DIVISION OR SECURE A MENTAL HEALTH EVALUATION. INSTEAD DEFENSE COUNSEL INFORMED PETITIONER TO REMAIN SILENT CONCERNING his MENTAL HEALTH ISSUES.
DEFENSE COUNSEL HAD NO defense STRATEGY AND WAS CONVINCED his REPRESENTATION WAS SUFFICIENT.

PETITIONER CONTENDS THAT his TRIAL Counsels REPRESENTATION WAS deficient AND FELL below A REASONABLE STANDARD. HAD IT NOT been FOR DEFENSE COUNSELS ERRORS, The Result OF PETITIONERS CRIMINAL PROCEEDINGS WOULD have been DIFFERENT. STRICKLAND vs WASHINGTON, 466 U.S. 668, 104 S.CT. 2052.

## D. UNLAWFULLY INDUCED PLEA

PETITIONERS PLEA OF Guilty ON OCTOBER 26, 2004 WAS UNKNOWINGLY MADE. PETITIONER WAS IMPAIRED ON PSYCHOTROPIC MEDICATION, WHICH CAN be VERIFIED by THE Sheriff OF MONTGOMERY COUNTY AlABAMA AND THE GEORGIA DEPARTMENT OF CORRECTIONS TO WIT GEORGIA STATE PRISON MENTAL HEALTH DIVISION. PETITIONER has been UNDER THE CARE OF A MENTAL HEALTH PROFESSIONAL FOR MORE THAN 4 YEARS AND his PLEA IN THIS CASE WAS UNLAWFULLY INDUCED. FURTHERMORE While PETITIONER WAS QUESTIONED by THE COURT he WAS INFORMED by his TRIAL COUNSEL, PRIOR TO PROCEEDING OF his Guilty plea hEARINGS to ONLY SAY YES TO All QUESTIONS. PETITIONERS STATES THAT his CONSTITUTIONAL Rights have been VIOLATED.

## E. CONVICTION OBTAINED PURSUANT TO A UNLAWFUL ARREST.

PETITIONER CONTENDS THAT Respondent HAS NO EVIDENCE Which WOULD PLACE PETITIONER IN THE City Limits OF MONTGOMERY COUNTY AlABAMA ON THE DATES OF THE Alleged CRIMES FOR Which PETITIONER WAS CHARGED. PETITIONER HAS WITNESSES Which Will TESTIFY IN COURT AS TO PETITIONERS WHEREABOUTS ON THE OFFENSE DATES WHICH WAS OVER 400 Miles FROM MONTGOMERY COUNTY AlABAMA IN ANOTHER STATE.

(3)

PETITIONERS CONSTITUTIONAL Rights have been VIOLATED. RESPONDENT HAD NO CONSTITUTIONAL OR LAWFUL Right to ARREST PETITIONER AND HAVE him DETAINED by LAW ENFORCEMENT IN GEORGIA FOR CRIMES HE DID NOT COMMIT.

## CONCLUSION

FOR THE ABOVE STATED REASONS, PETITIONER IS ENTITLED TO Relief ON his CLAIMS AND his CONVICTION AND SENTENCE ARE DUE TO BE SET ASIDE PENDING ACTION by MONTGOMERY COUNTY CIRCUIT COURT. There IS SUFFICIENT EVIDENCE TO SUPPORT PETITIONERS REQUEST TO WITHDRAW his GUILTY PLEA AND PROCEED WITH A JURY TRIAL, Thus A EVIDENTIARY hEARING IS APPROPRIATE. THEREFORE THE PETITIONER MOVES THIS COURT TO GRANT THE APPEAL REQUESTED herein AND REMAND THIS CASE TO THE TRIAL COURT AND/OR hold A EVIDENTIARY hEARING SOAS PETITIONER CAN PRESENT his CASE FOR APPEAL IN OPEN COURT.

RespectFully SUBMITTED This 5th DAY OF JANUARY, 2006.

by: Alonzo Morefield Jr.

CUSTODIAL AUTHORITY
GEORGIA DEPT. OF CORRECTIONS
c/o GEORGIA STATE PRISON
ATTN: Hugh SMITH - WARDEN
300 1st Ave
Reidsville, GA. 30453
(912) 577-7222

ALONZO MOREFIELD, JR.
PRO SE PETITIONER
No. 1092228
300 1st Ave
Reidsville, GA. 30453

## CERTIFICATE OF SERVICE

I hereby CERTIFY THAT I hAVE SERVED A COPY OF THE FOREGOING ON RESPONDENT MATTHEW D. ShADDRIX, DEPUTY DISTRICT ATTORNEY MONTGOMERY COUNTY ALABAMA P.O. BOX 1667, MONTGOMERY, ALABAMA 36102 by REQUESTING THE CIRCUIT COURT FILE CLERK TO FORWARD SAID COPY TO RESPONDENT by hAND DELIVERY.
This The 5th DAY OF JANUARY, 2006.

Alonzo Morefield Jr.

ALONZO MOREFIELD, JR.
PRO SE PETITIONER.

ACR371

**ALABAMA JUDICIAL DATA CENTER**
**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS**
**BY THE TRIAL COURT CLERK**
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MOREFIELD ALONZO DARRYLL   JUDGE: EUGENE W. REESE

```
| APPEAL DATE: 01/05/2006                                                    |
|----------------------------------------------------------------------------|
| INDIGENCY STATUS:                                                          |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:       __X__ YES   _____ NO      |
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _____ YES   __X__ NO N/A  |
|   INDIGENT STATUS REVOKED ON APPEAL:             _____ YES   __X__ NO      |
|   INDIGENT STATUS GRANTED ON APPEAL:             __X__ YES   _____ NO      |
|                                                                            |
| DEATH PENALTY: NO                                                          |
|                                                                            |
| APPEAL TYPE: RULE 32 PETITION                                              |
|----------------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,   |
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.   |
|                                                                            |
| CO/CASE NUMBER: 03/CC 2004 001043.60                                       |
|                                                                            |
| ORDER ENTERED(DATE): 12122005 PETITION: X DISMISSED __DENIED __GRANTED     |
|----------------------------------------------------------------------------|
| POST-JUDGMENT MOTIONS FILED:   DT FILED     DT DENIED      CON BY AGREE    |
| ____ MOTION FOR NEW TRIAL     _____   _____     _____      |
| ____ MOTION FOR JUDG. OF ACQUIT _____ _____     _____      |
| ____ MOTION TO W/D GUILTY PLEA _____  _____     _____      |
| ____ MOTION FOR ATTY TO W/DRAW _____  _____     _____      |
| ____ OTHER _____   _____   _____     _____      |
|----------------------------------------------------------------------------|
| COURT REPORTER(S):            _____        |
| ADDRESS:                      _____        |
|                                                                            |
| APPELLATE COUNSEL #1:         PRO SE                                        |
| ADDRESS:                      _____        |
|                                                                            |
| PHONE NUMBER:                 000-000-0000        ,        00000           |
|                                                                            |
| APPELLATE COUNSEL #2:         _____        |
| ADDRESS:                      _____        |
|                               _____        |
|                                                                            |
| PHONE NUMBER:                 _____        |
|                                                                            |
| APPELLANT (PRO SE):           MOREFIELD ALONZO DARRYLL                      |
| ADDRESS:                      GEORGIA STATE PRISON                          |
|                               REIDSVILLE    ,  GA  304990000               |
| AIS #:                        1092228                                      |
|                                                                            |
| APPELLEE (IF CITY APPEAL):    _____        |
| ADDRESS:                      _____        |
|                               _____        |
```

I CERTIFY THAT THE INFORMATION PROVIDED       OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY       PREPARED: 01/11/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 11th DAY OF Jan 2006      CIRCUIT COURT CLERK

ACR371

ALABAMA JUDICIAL DATA CENTER
NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MOREFIELD ALONZO DARRYLL   JUDGE: EUGENE W. REESE

```
| APPEAL DATE: 01/05/2006                                                      |
|-----------------------------------------------------------------------------|
| INDIGENCY STATUS:                                                           |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:      __X__ YES   _____ NO        |
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL: _____ YES   __X__ NO N/A   |
|   INDIGENT STATUS REVOKED ON APPEAL:            _____ YES   __X__ NO        |
|   INDIGENT STATUS GRANTED ON APPEAL:            __X__ YES   _____ NO        |
|                                                                             |
| DEATH PENALTY: NO                                                           |
|                                                                             |
| APPEAL TYPE: RULE 32 PETITION                                               |
|-----------------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,    |
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.    |
|                                                                             |
| CO/CASE NUMBER: 03/CC 2004 001044.60                                        |
|                                                                             |
| ORDER ENTERED(DATE): 12122005 PETITION: X DISMISSED __DENIED __GRANTED      |
|-----------------------------------------------------------------------------|
```

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | _____ | _____ | _____ |
| ___ MOTION FOR JUDG. OF ACQUIT | _____ | _____ | _____ |
| ___ MOTION TO W/D GUILTY PLEA | _____ | _____ | _____ |
| ___ MOTION FOR ATTY TO W/DRAW | _____ | _____ | _____ |
| ___ OTHER | _____ | _____ | _____ |

```
COURT REPORTER(S):                      _____
ADDRESS:                                _____
                                        _____

APPELLATE COUNSEL #1:                   PRO SE
ADDRESS:                                _____
                                                               ,  00000
PHONE NUMBER:                           000-000-0000

APPELLATE COUNSEL #2:                   _____
ADDRESS:                                _____
                                        _____
                                        _____
PHONE NUMBER:                           _____

APPELLANT (PRO SE):                     MOREFIELD ALONZO DARRYLL
ADDRESS:                                GEORGIA STATE PRISON
                                        REIDSVILLE    ,  GA  304990000
AIS #:                                  1092228

APPELLEE (IF CITY APPEAL):              _____
ADDRESS:                                _____
                                        _____
```

I CERTIFY THAT THE INFORMATION PROVIDED                    OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED 01/11/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 11th DAY OF Jan ,2006        CIRCUIT COURT CLERK

✓

ACR371                    ● ALABAMA JUDICIAL DATA CENTER ●
          NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                        BY THE TRIAL COURT CLERK
                 IN THE CIRCUIT COURT  OF MONTGOMERY COUNTY
STATE OF ALABAMA VS MOREFIELD ALONZO DARRYLL   JUDGE: EUGENE W. REESE
---------------------------------------------------------------------
| APPEAL DATE: 01/05/2006                                           |
|                                                                   |
| INDIGENCY STATUS:                                                 |
|   GRANTED INDIGENCY STATUS AT TRIAL COURT:   __X__ YES  _____ NO   |
|   APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  ___ YES  _X_ NO N/A|
|   INDIGENT STATUS REVOKED ON APPEAL:         _____ YES  _X_ NO     |
|   INDIGENT STATUS GRANTED ON APPEAL:         __X__ YES  _____ NO   |
|                                                                   |
| DEATH PENALTY: NO                                                 |
|                                                                   |
| APPEAL TYPE: RULE 32 PETITION                                     |
|-------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,|
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.|
|                                                                   |
| CO/CASE NUMBER: 03/CC 2004 001045.60                              |
|                                                                   |
| ORDER ENTERED(DATE): 12122005 PETITION: X DISMISSED __DENIED __GRANTED|
|-------------------------------------------------------------------|
| POST-JUDGMENT MOTIONS FILED:   DT FILED      DT DENIED    CON BY AGREE|
|   ___ MOTION FOR NEW TRIAL    _____    _____    _____  |
|   ___ MOTION FOR JUDG. OF ACQUIT _____  _____    _____   |
|   ___ MOTION TO W/D GUILTY PLEA _____  _____    _____  |
|   ___ MOTION FOR ATTY TO W/DRAW _____  _____    _____  |
|   ___ OTHER                   _____    _____    _____  |
| COURT REPORTER(S):           _____      |
| ADDRESS:                     _____      |
|                              _____      |
|                                                                   |
| APPELLATE COUNSEL #1:        PRO SE                                |
| ADDRESS:                                                          |
|                                                               00000|
| PHONE NUMBER:                000-000-0000                          |
|                                                                   |
| APPELLATE COUNSEL #2:        _____      |
| ADDRESS:                     _____      |
|                              _____      |
| PHONE NUMBER:                _____      |
|                                                                   |
| APPELLANT (PRO SE):          MOREFIELD ALONZO DARRYLL             |
| ADDRESS:                     GEORGIA STATE PRISON                  |
|                              REIDSVILLE    ,  GA  304990000        |
| AIS #:                       1092228                              |
|                                                                   |
| APPELLEE (IF CITY APPEAL):   _____      |
| ADDRESS:                     _____      |
|                              _____      |
---------------------------------------------------------------------
I CERTIFY THAT THE INFORMATION PROVIDED              OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY          PREPARED: 01/11/2006
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO     Melissa Ottenans
THIS ACTION ON THIS 11th DAY OF Jan., 2006    CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL:   01-05-06 |
|---|---|
| APPELLANT          ALONZO D. MOREFIELD | |
| v. STATE OF ALABAMA | |

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of ___42___ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this____3rd____ day of __FEBRUARY__ , _2006_ .


_____
Circuit Clerk

CR - 05 - 0665

THE COURT OF CRIMINAL APPEALS

ALONZO MOREFIELD, JR., APPELLANT,

vs

STATE OF ALABAMA, APPELLEE.

APPEAL OF RULE 32 DENIAL

"BRIEF OF THE APPELLANT"

FILED

APR 27 2006

CLERK
ALA COURT CRIMINAL APPEALS

by: ALONZO MOREFIELD JR., PRO SE
APPELLANT
300 1ST AVE
REIDSVILLE, GA. 30453
(912) 577-7301

"ORAL ARGUMENT REQUESTED"

# ORAL ARGUMENT

PLAINTIFF Alonzo MOREFIELD, JR. REQUEST TO PRESENT ORAL ARGUMENTS IN THIS ACTION. THE PURPOSE FOR THIS REQUEST IS SO THIS COURT CAN HEAR EVIDENCE, ERRORS by THE STATE AND CIRCUIT COURT PRESENTED IN PLAINTIFFS OWN WORDS. PLAINTIFF IS NOT A LAWYER AND WOULD LIKE TO PRESENT A PROPER APPEAL TO THIS COURT IN ORAL ARGUMENT FORMAT. FURTHERMORE PLAINTIFFS RETURN TO MONTGOMERY ALABAMA WOULD ALLOW THE SUBPENA OF MENTAL HEALTH DOCUMENTS FROM THE SHERIFF OF MONTGOMERY COUNTY WHICH IS PARAMOUNT IN PLAINTIFFS APPEAL.

## TABLE OF CONTENTS

STATEMENT OF CASE: PAGE ——→ 1
STATEMENT OF ISSUE: PAGE ——→ 1
STATEMENT OF FACTS: PAGE ——→ 1
PROCEDURAL ERRORS: PAGE ——→ 1
INEFFECTIVE ASSISTANCE OF COUNSEL: PAGE ——→ 2
UNLAWFUL INDUCED PLEA: PAGE ——→ 3
CONVICTION OBTAINED PURSUANT TO UNLAWFUL ARREST: PAGE ——→ 4
STANDARD OF REVIEW: PAGE ——→ 4
CONCLUSSION: PAGE ——→ 4
CERTIFICATE OF SERVICE: PAGE ——→ 5
ADVERSE RULINGS: PAGE ——→ 6

## TABLE OF AUTHORITY

CANTO VS STATE 660, SO. 2d. 1026 — PAGE ——→ 2
EX PARTE VS. LAWLEY 512 SO. 2d. 1310 · PAGE ——→ 4
LOCKHART VS TARTWELL, 506. U.S. 364, 369 - PAGE ——→ 3
STINSON VS STATE 669 SO 2d 1010 — PAGE ——→ 2
STRICKLAND VS WASHINGTON, 466. U.S. 668, 104 S. CT. 2052 — PAGE ——→ 3

# STATEMENT OF THE CASE:

ON NOVEMBER 16, 2004, HONORABLE CIRCUIT COURT JUDGE EUGENE W. REESE OF FIFTEENTH JUDICIAL CIRCUIT SENTENCED MR MORAFIELD TO A TWENTY (20) YEAR TERM OF IMPRISONMENT SPLIT TO SERVE FIVE (5) YEARS. SUCCEEDING GUILTY PLEAS TO MULTIPLE COUNTS OF CASE NO. CC: 2004-1043, 1044, 1045 IN CIRCUIT COURT MONTGOMERY COUNTY ALABAMA ON OCTOBER 26, 2004. ON OCTOBER 17, 2005, PETITIONER FILED A RULE 32 PETITION FOR RELIEF FROM CONVICTION AND SENTENCE.

ON NOVEMBER 22, 2005, STATE OF ALABAMA FILED A ANSWER TO PLAINTIFFS RULE 32 PETITION.

ON DECEMBER 5, 2005, PETITIONER FILED A MOTION FOR EVIDENTIARY HEARING ON RULE 32 PETITION.

ON DECEMBER 5, 2005, JUDGE EUGENE REESE ISSUED A ORDER DENYING PLAINTIFFS RULE 32 PETITION WITHOUT A EVIDENTIARY HEARING.

ON JANUARY 9, 2006, PLAINTIFF FILED A NOTICE OF APPEAL FOR DENIAL OF RULE 32 PETITION. IT IS IMPORTANT TO NOTE THAT PLAINTIFF HAS NOT HAD A COPY OF THE CIRCUIT COURT RECORD SENT TO HIM AS OF THE DATE OF THIS FILING/MAILING. WITHOUT THE BENEFIT OF THE CIRCUIT COURT RECORD, IT IS DIFFICULT TO CITE ERRORS FROM THE COURT RECORD.

## STATEMENT OF ISSUES

1. PROCEDURAL ERRORS by DISTRICT ATTORNEY AFFIRMED by CIRCUIT COURT.
2. INEFFECTIVE ASSISTANCE OF COUNSEL.
3. UNLAWFULLY INDUCED PLEA.
4. CONVICTION OBTAINED PURSUANT TO A UNLAWFUL ARREST.

## STATEMENT OF FACTS

1. PROCEDURAL ERRORS

STATE OF ALABAMA AND CIRCUIT COURT MADE WRITTEN REFERENCE TO PLAINTIFFS RULE 32 PETITION being FILED ON OCTOBER 13, 2005. IN FACT PLAINTIFFS PETITION WAS FILED ON OCTOBER 17, 2005.

~1~

In fact this constitutes a procedural error. See page 1 of states answer to petition for Rule 32 relief and the circuit courts order denying relief.

1. Rule 32.7 Ala. Rules of Criminal Procedure provides that the state must respond to petition within 30 days of service or a time specified by the court. State filed its answer to petitioners Rule 32 petition on November 22, 2005. Clearly beyond the 30 day requirement prescribed by Alabama law. Plaintiffs Rule 32 was filed with the clerk of Montgomery County Alabama on October 17, 2005. Plaintiff knew of no extension issued by the court for delay in states answer. Thus this procedural error which violates Alabama law is a constitutional violation of due process by the state. Had petitioner filed a out-of-time Rule 32 petition, the court would have summarily dismissed plaintiffs entire petition. Thus plaintiff was prejudiced by the court allowing the state to proceed without addressing this error. See states answer to petition for relief.

3. Ineffective Assistance of Counsel

Plaintiff contends that his trial attorney coerced him to plead guilty to crimes he did not commit in doing so compromised plaintiffs liberty. Plaintiffs guilty plea was not made voluntarily, intelligently or with the understanding of the charges against him or consequences of the guilty plea. Plaintiff's trial attorney's performance fell below a reasonable standard of objectiveness and as a result plaintiff was prejudiced by trial counsels errors which caused plaintiffs Sixth Amendment rights to be violated.

State said plaintiff counsel was experienced but plaintiff knows that his trial counsel was new to criminal law and was unsure of Alabama statue and criminal law procedure. Counsel was a civil litigant prior to converting to criminal law. Stinson vs State 669. So 2d 1010: Canto vs State 660. So 2d 1026.

PLAINTIFF ATTORNEY CONDUCTED NO-PRE TRIAL INVESTIGATION AND ADVISED PLAINTIFF HE WAS INTIMIDATED BY STATES ATTORNEY CONSEQUENTLY GOING TO DINNER WITH SAID ASST. DISTRICT ATTORNEY SO AS TO GAIN CONFIDENCE IN HIS REPRESENTATION BEFORE STATES ATTORNEY SLAPPRIX. THIS IN AND OF ITSELF UPSET THE ADVERSARIAL BALANCE BETWEEN DEFENSE AND PROSECUTION RENDERING TRIAL AND ALL SUBSEQUENT HEARINGS UNFAIR. BECKHAM VS PRETWELL, 506 U.S. 364, 369. DUE TO PLAINTIFFS MENTAL HEALTH STATUS AND CONSUMPTION OF PSYCHOTROPIC MEDICATION PRIOR TO AND ON THE DAY OF ALL PROCEEDINGS IN THIS CRIMINAL CASE. PLAINTIFF WAS IMPAIRED AND UNABLE TO MAKE A VOLUNTARY, INTELLIGENT PLEA IN THIS CASE. PLAINTIFF COUNSEL FAILED TO INFORM THE COURT OF THIS ISSUE AND OBTAIN MENTAL HEALTH RECORDS FROM MONTGOMERY COUNTY DETENTION FACILITY, GEORGIA STATE PRISON MENTAL HEALTH DIVISION OR SECURE A MENTAL HEALTH EVALUATION. INSTEAD COUNSEL INFORMED PLAINTIFF TO REMAIN SILENT CONCERNING ALL MENTAL HEALTH ISSUES COUNSEL HAD NO DEFENSE STRATEGY. PLAINTIFF CONTENDS HIS TRIAL COUNSELS REPRESENTATION WAS DEFICIENT AND FELL BELOW A REASONABLE STANDARD. HAD IT NOT BEEN FOR COUNSELS ERRORS, THE RESULT OF PLAINTIFF CRIMINAL PROCEEDINGS WOULD HAVE BEEN DIFFERENT. STRICKLAND VS. WASHINGTON, 466, U.S. 662, 104 S. CT. 2052.

## 4. UNLAWFULLY INDUCED PLEA

PLAINTIFF PLEA OF GUILTY ON OCTOBER 26, 2004 WAS UN-KNOWINGLY MADE. PLAINTIFF WAS IMPAIRED ON PSYCHOTROPIC MEDICATION WHICH CAN BE VERIFIED BY SHERIFF MONTGOMERY COUNTY ALABAMA AND GEORGIA STATE PRISON MENTAL HEALTH, DIVISION. PLAINTIFF HAS BEEN UNDER PSYCHIATRIC CARE FOR MORE THAN FOUR YEARS AND HIS PLEA IN THIS CASE WAS UNLAWFULLY INDUCED. FURTHERMORE WHILE PLAINTIFF WAS QUESTIONED BY THE COURT, HE WAS INFORMED BY TRIAL COUNSEL PRIOR TO PROCEEDINGS OF HIS GUILTY PLEA TO ONLY SAY YES TO ALL QUESTIONS. PLAINTIFFS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.

**5. CONVICTION OBTAINED PURSUANT TO A UNLAWFUL ARREST**

PETITIONER CONTENDS THAT STATE HAS NO EVIDENCE WHICH WOULD PLACE PLAINTIFF IN THE CITY LIMITS OF MONTGOMERY COUNTY ALABAMA ON THE DATES OF THE ALLEGED CRIMES FOR WHICH PLAINTIFF WAS CHARGED. PLAINTIFF HAS WITNESSES THAT WILL TESTIFY AS TO HIS WHEREABOUTS ON THE OFFENSE DATES WHICH WAS OVER 400 MILES FROM MONTGOMERY COUNTY ALABAMA. PLAINTIFFS CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED. STATE HAD NO CONSTITUTIONAL OR LAWFUL RIGHT TO ARREST PLAINTIFF AND HAVE HIM DETAINED BY LAW ENFORCEMENT IN GEORGIA FOR CRIMES HE DID NOT COMMIT.

## STANDARD OF REVIEW

PROCEDURAL ERRORS ARE CLEAR AND THE COURTS REVIEW OF THESE TWO ISSUES ARE PARAMOUNT TO THIS APPEAL.
TO PREVAIL ON A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL A DEFENDANT MUST SHOW THAT HIS COUNSELS PERFORMANCE WAS DEFICIENT AND HE WAS PREJUDICED BY THAT DEFICIENT PERFORMANCE. STRICKLAND VS. WASHINGTON 466. U.S. 668, 104 S. CT. 2052. THE COURT MUST AVOID USING THE BENEFIT OF HINDSIGHT AND EVALUATE COUNSELS CONDUCT AT THE TIME OF TRIAL. EXPARTE VS LAWLEY 512 SO. 2d 1370.

PLAINTIFF HAS PROVED COUNSELS PERFORMANCE WAS DEFICIENT AND PLAINTIFF WAS PREJUDICED BY COUNSELS PERFORMANCE. LOCKHART VS. FRETWELL 506. U.S. 364, 369. THE TWO STANDARDS IN STRICKLAND VS WASHINGTON HAVE BEEN MET.

## CONCLUSION

FOR THE ABOVE STATED REASONS, PLAINTIFF IS ENTITLED TO RELIEF ON ALL CLAIMS AND HIS CONVICTION AND SENTENCE ARE DUE TO BE SET ASIDE AND A JURY TRIAL SHOULD PROCEED. PLAINTIFF PETITION IS DUE TO BE GRANTED AND APPEAL OF RULE 32 DENIAL DUE AFFIRMED. PLAINTIFF HAS REQUESTED A HEARING FOR ORAL ARGUMENTS SO AS TO PRESENT EVIDENCE, TESTIMONY OF WITNESSES, MENTAL HEALTH DOCUMENTS AND PRESENT HIS CASE IN HIS OWN WORDS.

THEREFORE, PLAINTIFF MOVES THIS COURT TO GRANT THIS APPEAL
SUCCEEDING ORAL ARGUMENTS IN THIS CASE.

RESPECTFULLY SUBMITTED THIS 27th DAY OF APRIL_____, 2006.

ALONZO MOREFIELD, JR.
PRO SE DEFENDANT #1092228
300 1ST AVE
REIDSVILLE, GA. 30453

by: _Alonzo Morefie Jr_

CUSTODIAL AUTHORITY
GEORGIA DEPARTMENT OF CORRECTIONS
C/O GEORGIA STATE PRISON
ATTN: HUGH A. SMITH-WARDEN
300 1ST AVE
REIDSVILLE, GA. 30453
(912) 577-7222

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT PLAINTIFF/PETITIONER ALONZO
MOREFIELD, JR. HAS SERVED A COPY OF THIS BRIEF FOR
APPEAL TO OPPOSING PARTY IN THIS ACTION BY REQUESTING
THE CLERK OF CRIMINAL APPEALS FOR MONTGOMERY COUNTY
ALABAMA TO HAND DELIVER A COPY OF THIS BRIEF MARKED
"ATTORNEY GENERAL'S COPY" TO THE ATTORNEY GENERAL
MAILBOX LOCATED IN THE OFFICE OF THE CLERK OF CRIMINAL
APPEALS.

ALABAMA ATTORNEY GENERAL'S OFFICE
11 S. UNION ST.
MONTGOMERY, AL 36104

THIS THE 27th DAY OF APRIL_____, 2006

_Alonzo Morefie Jr_
ALONZO MOREFIELD, JR.
PRO SE PLAINTIFF

# ADVERSE RULINGS

1. RULE 32 PETITION FOR RELIEF FROM CONVICTION AND SENTENCE. DENIED by CIRCUIT COURT JUDGE EUGENE W. REESE ON DECEMBER 5, 2005 WITHOUT A EVIDENTIARY HEARING.

2. MOTION FOR EVIDENTIARY HEARING AND MOTION FOR APPOINTMENT OF COUNSEL FILED ON DECEMBER 5, 2005. DENIED by CIRCUIT COURT JUDGE EUGENE W. REESE ON DECEMBER 5, 2005.

3. MOTION FOR APPOINTMENT OF POST CONVICTION COUNSEL FOR APPEAL OF RULE 32 PETITION.
   DENIED by CIRCUIT COURT JUDGE EUGENE W. REESE ON JANUARY 18, 2006.
   2ND DENIAL by COURT OF CRIMINAL APPEALS JUDGE H.W. "BUCKY" McMILLAN ON FEBRUARY 9, 2006.

No. CR-05-0665

======================================

*In the COURT of CRIMINAL APPEALS
of ALABAMA*

———————————— ◆ ————————————

ALONZO MOREFIELD,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————————— ◆ ————————————

*On Appeal From the Circuit Court
Of Montgomery County
(CC-04-1043, CC-04-1044, & CC-04-1045)*

======================================

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Beth Slate Poe
*Assistant Attorney General*

Nancy M. Kirby
*Deputy Attorney General*
Counsel of Record *

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300

May 30, 2006

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF AUTHORITIES .................................... iii

STATEMENT OF THE CASE AND FACTS .......................... 1

STATEMENT OF THE ISSUE ................................... 2

STANDARD OF REVIEW ....................................... 3

SUMMARY OF THE ARGUMENT .................................. 3

ARGUMENT ................................................. 4

  The Trial Court's Summary Disposition Of Morefield's
Rule 32 Post-Conviction Petition Was Proper. ........... 4

    1.   Morefield's Claim That His Guilty Plea Was
Involuntary Is Without Merit ......................... 4

    2.   Morefield's Claim That He Was Denied Effective
Assistance Of Appellate Counsel Is Without Merit And
Insufficiently Pleaded ............................... 8

    3.   Morefield's Additional Claims Are Not Properly
Before This Court For Review ......................... 11

CONCLUSION .............................................. 12

CERTIFICATE OF SERVICE .................................. 13

## TABLE OF AUTHORITIES

**Cases**

Arrington v. State, 716 So. 2d 237 (Ala. Crim. App.
  1997) .............................................. 12

Chandler v. United States, 281 F.3d 1305 (11th Cir.
  2000)(en banc), *cert. denied*, 121 S. Ct. 1217 (2001) ... 10

Gilreath v. Head, 234 F.3d 547 (11th Cir. 2000) .......... 10

Hubbard v. State, 584 So. 2d 895 (Ala. Crim. App. 1991),
  *cert. denied*, 112 S. Ct. 896 (1992) ................... 11

Jones v. State, 724 So. 2d 75 (Ala. Crim. App. 1998) ...... 4

Murray v. State, 922 So. 2d 961 (Ala. Crim. App. 2005) ... 12

Saffold v. State, 570 So. 2d 727 (Ala. Crim. App. 1991) .. 11

Strickland v. Washington, 466 U.S. 668 (1984) ............ 9

Thompson v. State, 581 So. 2d 1216 (Ala. Crim. App.
  1991), *cert. denied*, 112 S. Ct. 868 (1992) ............ 11

Wiggins v. State, 572 So. 2d 1296 (Ala. Crim. App.
  1990) .............................................. 5

**Rules**

ARCrP,

  Rule 32.7(d) ......................................... 4

## STATEMENT OF THE CASE AND FACTS

Alonzo Morefield, the appellant in this case, filed pro se a Rule 32 post-conviction petition in the Montgomery County Circuit Court on September 22, 2005[1], challenging his November 16, 2004 guilty plea convictions for multiple counts of impersonating a law enforcement officer, theft of property, and kidnapping.  Morefield was sentenced to twenty years' imprisonment, split, with five years to serve.[2]  (C. 8, 17)

As noted above, Morefield filed the Rule 32 petition that is the subject of this appeal in the trial court on September 22, 2005.  As best this writer can discern, Morefield raised the following claims in his petition:

> 1.  His guilty plea was involuntary because he was on medication that affected his ability to think rationally and understand the court's instructions.
>
> 2.  He received ineffective assistance of appellate counsel because counsel's performance was "unreasonable", amounting to "bad strategy", and he was prejudiced as a result.

(C. 18)

---

[1]  This writer notes that Morefield's Rule 32 petition was stamped as having been filed on October 17, 2005.  (C. 8)
2 Morefield did not file a direct appeal following his conviction.

On November 22, 2005, the State filed an answer and motion to dismiss Morefield's Rule 32 petition, alleging that Morefield's claims were insufficiently pleaded and without merit. (C. 25-30)

On January 3, 2006, Judge Eugene W. Reese entered an order denying Morefield's Rule 32 petition on grounds that Morefield's claims were insufficiently pleaded and without merit. (C. 33)

Morefield now appeals the denial of his Rule 32 petition to this Court. In his appellate brief, Morefield argues similarly that his guilty plea was involuntary, and that he was denied effective assistance of counsel. He also raises additional arguments, specifically that the district attorney engaged in procedural errors by filing a late answer to his Rule petition, and that his conviction was obtained pursuant to an unlawful arrest.

### STATEMENT OF THE ISSUE

Did the trial court properly dismiss Morefield's Rule 32 post-conviction petition?

## STANDARD OF REVIEW

The denial of a Rule 32 post-conviction petition is reviewed under the abuse of discretion standard and, if the circuit court's decision is correct for any reason, even if not stated, this Court will affirm the lower court. Grady v. State, 831 So. 2d 646, 648 (Ala. Crim. App. 1999); Strickland v. State, 771 So. 2d 1123, 1125 (Ala. Crim. App. 1999), *cert. denied*, 771 So. 2d 1129 (Ala. 1999).

## SUMMARY OF THE ARGUMENT

The trial court's denial of Morefield's Rule 32 post-conviction petition was proper because his claims were either procedurally barred, insufficiently pleaded, without merit, or because no purpose would have been served by further proceedings. Because Morefield's claims were procedurally barred, insufficiently pleaded, and without merit, the petition was ripe for summary disposition under Rule 32.7(d) of the Alabama Rules of Criminal Procedure. As the petition was properly summarily dismissed, the trial judge did not abuse his discretion in denying the petition. Because no abuse of discretion is shown, Morefield is

3

entitled to no relief on appeal. This case is due to be affirmed.

### ARGUMENT

**The Trial Court's Summary Disposition Of Morefield's Rule 32 Post-Conviction Petition Was Proper.**

Rule 32.7(d) of the Alabama Rules of Criminal Procedure provides that a court may summarily dismiss a post-conviction petition if it determines that no purpose would be served by any further proceedings because the petition is precluded, fails to state a claim, or no material issue of fact or law exists that would entitle the petitioner to relief under this rule. *See*, Jones v. State, 724 So. 2d 75, 76 (Ala. Crim. App. 1998). In the case at bar, the trial judge correctly discerned that Morefield's claims were insufficiently pleaded and without merit, and thus, ripe for summary dismissal.

### 1.    Morefield's Claim That His Guilty Plea Was Involuntary Is Without Merit.

Morefield claimed that his guilty plea was involuntary because he was on medication that affected his ability to think rationally and to understand the judge's

4

instructions. Morefield's claim was unsupported by the record or other evidence, and thus, was properly denied by the trial court. Morefield argues similarly on appeal that he was under the influence of medication, but he again failed to offer any documentation or other evidence in support of his claim. Thus, his claim is insufficiently pleaded and his claim of error is due to be denied.

It is important to note that the trial judge that took Morefield's guilty plea is the same judge who considered Morefield's Rule 32 petition. This Court has held that the trial judge's decision whether to allow a defendant to withdraw his guilty plea should be given great deference when the trial judge was able to observe the defendant at the time he entered his guilty plea. In Wiggins v. State, 572 So. 2d 1296, 1300 (Ala. Crim. App. 1990), this Court noted as follows:

> In Ex parte Heaton, 542 So. 2d 931, 933 (Ala. 1989), the Alabama Supreme Court addressed the standard to be applied when a trial court denies a defendant's request to have his guilty plea set aside and to be awarded a new trial:
>
> > "The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of

5

discretion. State v. Holman, 486 So. 2d
500, 503 (Ala. 1986); Tiner v. State, 421
So. 2d 1369, 1370 (Ala. Crim. App. 1982);
Boykin v. State, 361 So. 2d 1158, 1160
(Ala. Crim. App. 1978). The courts
recognize that a plea must be entered
intelligently and voluntarily, Tiner, 421
So. 2d at 1370, and informing a defendant
of the nature of the charge and the
consequences of a guilty plea is crucial
to the defendant's fashioning an
intelligent and voluntary waiver. Chapman
v. State, 412 So. 2d 1276, 1277 (Ala.
Crim. App. 1982). The fact that the
defendant later becomes dissatisfied with
his sentence will not constitute a ground
for invalidating the plea. Holman, 486
So. 2d at 503; Chapman, 412 So. 2d at
1278." (Emphasis added.)

Cf. Ex parte Sides, 501 So. 2d 1262 (Ala. 1986)
(an accused, prior to guilty plea, is entitled to
have trial court consider existing plea bargain
agreement); Lewis v. State, 479 So. 2d 1356, 1359
(Ala. Cr. App.), cert. denied (Ala. 1985) ("A
guilty plea is involuntary if made in ignorance of
the consequences, including the length of any
possible sentence.").

Those situations in Sides and Lewis do not exist
in this case, in our opinion. The trial judge's
finding that the appellant, upon further thought,
did not like the sentence that he received was a
reasonable one based on the judge's observation of
the appellant. The trial judge's denial of the
appellant's motion for new trial and request to
change his plea was not an abuse of discretion.

We stated in Eathorne v. State, 448 So. 2d 445,
449-50 (Ala. Cr. App. 1984), in upholding a
similar finding by the trial court:

"In our opinion, the record reflects that
Eathorne was legally competent when he

6

pled guilty and that he did so in a
voluntary and intelligent manner. 'From
the rule that a plea must be
intelligently made to be valid it does
not follow that a plea is vulnerable to
later attacks solely because the
petitioner or his counsel did not
correctly assess every relevant factor
which contributed to his decision.'
Thundershield v. Solem, 565 F.2d 1018,
1026 (8th Cir 1977). In making our
determination, we note that the trial
judge who accepted Eathorne's guilty plea
and sentence him was also the same judge
who presided over the coram nobis
hearing. That judge's observation of
Eathorne at the guilty plea and coram
nobis hearing is entitled to significant
weight where the other evidence of his
mental condition is conflicting. *See*
United States v. Oliver, 626 F.2d 254
(2nd Cir. 1980)."

In his Order dismissing Morefield's Rule 32 petition, The

trial court stated that "[Morefield's] claim that his plea

was unlawfully induced is also false and due to be denied.

Again, [Morefield] presents nothing to support his claim

other than bare allegations." (C. 34)

Because the trial court was in the best position to

evaluate Morefield's demeanor and capacity to enter a

guilty plea, and because Morefield failed to offer any

support for his allegations, the trial court properly

summarily dismissed Morefield's petition and his claim to

the contrary is due to be denied.

7

**2.   Morefield's Claim That He Was Denied Effective Assistance Of Appellate Counsel Is Without Merit And Insufficiently Pleaded.**

Morefield's claim that he was denied effective assistance of counsel is without merit and was properly dismissed by the trial court.  Morefield claims that his trial counsel was ineffective because counsel's performance was "unreasonable", amounting to "bad strategy", and that he was prejudiced as a result.  His claim is without merit and insufficiently pleaded because Morefield failed to establish specifically how trial counsel's performance was unreasonable, or to indicate how he was prejudiced, or to demonstrate how the outcome of his case would likely have been different but for his counsel's alleged ineffectiveness.  Furthermore, "bad strategy" is not a sufficient allegation without proof that counsel's strategy was unreasonable.

The United States Supreme Court has explained that a convicted defendant's claim that counsel's assistance was so defective as to require reversal has two components: First, the defendant must show that counsel's performance was deficient; second, the defendant must show that the

8

deficient performance prejudiced the defendant.  <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential."  <u>Id</u>. 689.  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in <u>the exercise of reasonable professional judgment</u>."  Id. 690.  "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  (Citation omitted.)  <u>Id</u>. 689.  That Court further counseled:

> [T]here is no reason for a court deciding an ineffective assistance claim to … address both components of the inquiry if the defendant makes an insufficient showing on one.  In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.

<u>Id</u>. at 697.

The Eleventh Circuit, regarding ineffective assistance of counsel claims, has explained:

> The standard for counsel's performance is reasonableness under prevailing professional norms.  The purpose of ineffectiveness review is not to grade counsel's performance….  To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable.  But, the issue is

9

not what is possible or what is prudent or
appropriate, but only what is constitutionally
compelled…. Given the strong presumption in favor
of competence, the petitioner's burden of
persuasion--though the presumption is not
insurmountable--is a heavy one…. In reviewing
counsel's performance, a court must avoid using
the distorting effects of hindsight and must
evaluate the reasonableness of counsel's
perspective at the time. It is all too easy for a
court, examining counsel's defense after it has
proved unsuccessful, to conclude that a particular
act or omission of counsel was unreasonable.

Chandler v. United States, 281 F.3d 1305, 1313-1316 (11th

Cir. 2000)(en banc), cert. denied, 121 S. Ct. 1217 (2001).

The Eleventh Circuit Court has also stated that the

"prejudice" prong is, likewise, difficult to meet. "[A

petitioner] must affirmatively prove prejudice because

'[a]ttorney errors come in an infinite variety and are as

likely to be utterly harmless in a particular case as they

are to be prejudicial.' '[T]hat the error had some

conceivable effect on the outcome of the proceeding' is

insufficient to show prejudice." Gilreath v. Head, 234

F.3d 547, 551 (11th Cir. 2000), quoting Strickland v.

Washington, 466 U.S. 668 (1984).

Moreover, this Court has held that

[a] lawyer is not required to raise all
conceivable claims in order to render effective
assistance. It is sound strategy for a lawyer to
narrow the number of issues on appeal. This type

10

> of winnowing out of weaker arguments in favor of
> those arguments likely to succeed is the type of
> effective appellate advocacy approved by the
> United States Supreme Court.

Thompson v. State, 581 So. 2d 1216, 1244 (Ala. Crim. App.

1991), cert. denied, 112 S. Ct. 868 (1992).  Further,

"[a]ppellate counsel is not obliged to raise issues

reasonably considered to be without merit." Hubbard v.

State, 584 So. 2d 895, 910 (Ala. Crim. App. 1991), cert.

denied, 112 S. Ct. 896 (1992).  See also, Saffold v. State,

570 So. 2d 727, 730 (Ala. Crim. App. 1991).

Thus, Morefield's claim that his counsel was

ineffective is insufficiently pleaded and without merit and

fails to meet the requirements of Strickland as set forth

above.  Thus, his claim is due to be denied.


### 3. Morefield's Additional Claims Are Not Properly Before This Court For Review.

In addition to his claims of involuntary guilty plea

and ineffective assistance of counsel, both of which were

raised in his Rule 32 petition, Morefield raises additional

arguments on appeal of the denial of his Rule 32 petition,

specifically that the district attorney engaged in

procedural errors by filing a late answer to his Rule

petition, and that his conviction was obtained pursuant to an unlawful arrest.  These additional issues are not properly before this Court for appellate review because an appellant cannot raise an issue on appeal from the denial of a Rule 32 petition that was not raised in the Rule 32 petition.  <u>Arrington v. State</u>, 716 So. 2d 237, 239 (Ala. Crim. App. 1997); *see also*, <u>Murray v. State</u>, 922 So. 2d 961, 963 (Ala. Crim. App. 2005).

## CONCLUSION

For the above reasons, Morefield is not entitled to any relief.  The trial court's denial of his Rule 32 petition should be affirmed.

Respectfully submitted,

Troy King
*Attorney General*

Beth Slate Poe
*Assistant Attorney General*

_____
Nancy M. Kirby
*Deputy Attorney General*
Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2006, I served a copy of the foregoing on the pro se appellant, by placing the same in the United States mail, first class, postage prepaid and addressed as follows:

> Alonzo Morefield
> AIS #237882
> 301 1st Avenue
> Reidsville, AL 30453

_____
Nancy M. Kirby
*Deputy Attorney General*

ADDRESS OF COUNSEL:
Office of the Attorney General
Criminal Appeals Division
11 South Union Street
Montgomery, Alabama  36130-0152
(334) 242-7300
138365/89803-001

13

Rel\08\11\2006\Morefield

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

<div style="float:left">

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

</div>

<div style="float:right">

Lane W. Mann
Clerk
Gerri Robinson
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

</div>

<u>MEMORANDUM</u>

CR-05-0665          Montgomery Circuit 04-1043.60; 04-1044.60; 04-1045.60

<u>Alonzo Darryll Morefield v. State of Alabama</u>

McMILLAN, Presiding Judge.

The appellant appeals from the trial court's order summarily dismissing his Rule 32 petition for post-conviction relief.

In his petition, filed on September 22, 2005, the appellant challenges his underlying guilty pleas and subsequent convictions, entered on November 16, 2004, for impersonating a

law enforcement officer, theft of property, and kidnapping.  He
was sentenced to twenty years' imprisonment, split, to serve
five years' actual imprisonment.

<div align="center">I.</div>

The appellant argues that his guilty plea was involuntary
because he was on medication that affected his ability to think
rationally and understand the court's instructions.

The appellants claim consists of a bare allegation
unsupported by the record or other evidence.  As such, the
claim fails to meet the specificity requirement of Rule
32.6(b), A. R. Crim. P.,  and therefore was properly denied by
the trial court.  Moreover, the record indicates that the Rule
32 court also accepted the appellant's guilty plea, and noted
in its order that although the appellant claims that "his plea
was unlawfully induced was false," he "presents nothing to
support his claim other than bare allegations."

<div align="center">II.</div>

The appellant argues that he received ineffective
assistance of appellate counsel because counsel's performance
was "unreasonable", amounting to "bad strategy", and he was
prejudiced as a result.

To prevail on an ineffective assistance of counsel claim,

the burden is on the claimant to show that his counsel's assistance was ineffective based on the two prong test enunciated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). See also Ex parte Baldwin, 456 So.2d 129 (Ala. 1984).

Here, the appellant's ineffective assistance claim consists of bare allegations unsupported by the record, and therefore fails to meet the specificity requirement of Rule 32.6(b), A.R.Crim.P.

### III.

The appellant argues that the district attorney engaged in procedural errors by filing a late answer to his Rule 32 petition, and that his conviction was obtained pursuant to an unlawful arrest.

Because the appellant failed to present the latter claims in his Rule 32 petition, it is not preserved for appellate review. Arrington v. State, 716 So. 2d 237 (Ala. Crim. App. 1997). Moreover, the late answer filed by the district attorney has been held as harmless. Moran v. State, 649 So. 2d 1292 (Ala. Crim. App. 1993).

The judgment of the trial court is affirmed.

AFFIRMED.

Cobb, Baschab, and Wise, JJ., concur.  Shaw, J., concurs in the result.

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

89803
Kirby

**CR-05-0665**

Alonzo Darryll Morefield v. State of Alabama  (Appeal from Montgomery  Circuit Court:
CC04-1043.60;CC04-1044.60; CC04-1045.60)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on August 11th 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 30th day of August, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Eugene W. Reese, Circuit Judge
Hon. Melissa Rittenour, Circuit Clerk
Alonzo Darryll Morefield, Pro Se
Nancy M. Kirby, Dep. Atty. Gen.