IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Alonzo Morefield, Jr.,
Petitioner,

vs.

Hugh A. Smith, et al.,
Respondents

Civil Action No.
2:06-CV-976-MHT (WO)

## Petitioners Response to Respondents Answer

Comes now Petitioner, Pro Se, in response to Respondents answer regarding Petition for Writ of Habeas Corpus makes the following response to Smith's Answer.

Petitioner assert his claims of due process violations, guilty plea unlawfully induced, conviction obtained pursuant to a unlawful arrest, ineffective assistance of counsel, trial court imposed a inaccurate amount of restitution are all not procedurally barred and relief is proper.

### Chronology of the Case

Petitioner did not file a direct appeal as a result of ineffective assistance of counsel. It was Morefield's desire to appeal sentence he received on November 16, 2004. Morefield's trial counsel refused to file said appeal.

Petitioner has had problems with all post conviction filings due to being incarcerated in the State of Georgia, not having access to any Alabama Law Books, supplies or materials and having severely restricted law library time and due to poverty of Petitioner, not having supplies to file appropriate post conviction filings. Morefield is prejudiced by not having access to Alabama Law Books.

Morefield did apply for rehearing in Alabama Court of Criminal Appeals, but due to not having access to Alabama Law Books Morefield was prejudiced by this procedure as he was unaware of time limits on this filing and his rehearing motion was rejected as out of time. A subsequent writ of certiorari was filed on or about December 7, 2006 with Alabama Supreme Court and is pending to date.

### Statue of Limitations

Petitioner did not file Federal 2254 petition within 1 year of being sentenced in Circuit Court due to his State Post Conviction remedies pending in Circuit Court. Morefield had a Rule 32 petition pending during that time. After the ruling on Rule 32 petition and the appeal of that ruling, Morefield proceeded to file his 2254 petition. As it states on the instructions of 2254, in order to proceed in Federal Court you MUST FIRST exhaust state court remedies. Thus this 2254 petition is timely and proper.

## PROCEDURAL DEFAULT

Morefield's claims are NOT procedurally defaulted as Respondent asserts. Morefield requested a direct appeal but due to ineffective assistance of counsel, he was denied that right. Morefield filed a formal complaint against trial attorney William Morgan Rayborn. See CSP No. 06-1220A, with Alabama State Bar Disciplinary Commission.

Morefield did present all claims initially plead on appeal of Rule 32 petition denial.

## CONCLUSION

Based on the foregoing this petition is properly plead and presented to be considered by this Court. Morefield further asserts that a evidentiary hearing is proper, so Morefield, pro se, can best present his case in open court. At a hearing Morefield, in his own words can present his case, present exhibits, and evidence to support his claims. Writ of Habeas Corpus is appropriate and relief from petitioners conviction and sentence is sought fourthwith.

Respectfully submitted,
Alonzo Morefield, Jr.
Petitioner, Pro Se.

by: *[signature]*

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on Respondent to this cause by placing the same herein U.S. Mail, postage pre-paid addressed to: Office of the Attorney General, Alabama State House, 11 South Union, Montgomery, Alabama 36130-0152.

This 15th day of December, 2006.

*[signature]*
Alonzo Morefield, Jr.
Petitioner, Pro Se.

I.D. No. 479955
AIS 237882
300 First Ave
Reidsville, GA
30453