# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

ALONZO MOREFIELD, JR.,
PETITIONER,

VS —

HUGH A. SMITH, et Al.,
Respondent.

CIVIL ACTION NO.
2:06-CV-976 MHT
(WO)

28 U.S.C 2254 PETITION

RECEIVED 2006 DEC 27 A 10:00
DEBRA P. HACKETT
U.S. DISTRICT COURT

## ADDENDUM TO PETITIONERS RESPONSE OF RESPONDENTS ANSWER

Petitioner in receipt of United States Magistrate Judge Delores R. Boyd's order on December 19, 2006 submits this Addendum to his Response mailed for filing on December 15, 2006. Without Petitioner having access to Federal Rules Governing Section 2254 Cases it is difficult to proceed confidently. However Petitioner will address the Courts order as follows:

1. **STATES REPLY TO RULE 32 PETITION WAS LATE**

   This claim could only be brought before Court of Criminal Appeals and U.S. District Court. The claim arose after initial Rule 32 Petition was filed thus it is impossible to have listed this in the initial Rule 32 Petition. The error by Respondent occurred when the reply to the initial Rule 32 Petition was late. Because of these circumstances this claim was added and should not be procedurally barred.

2. **PLEA WAS UNLAWFULLY INDUCED**

   This claim was not independently addressed. It fell under the Ineffective Assistance of Counsel Claim in initial Rule 32 filing thus is not procedurally barred.

3. **CONVICTION OBTAINED VIA UNLAWFUL ARREST**

   Claim was not initially plead due to no evidence at that time to support this claim. Petitioner can support his claim with alibi witness testimony which Petitioner will introduce as evidence at evidentiary hearing as Morefield has no access to a copier to attach statements. Thus this claim is not procedurally barred.

4. **INEFFECTIVE ASSISTANCE OF COUNSEL**

   This claim was initially plead in Rule 32 Petition. Trial Counsels performance was deficient as he violated Petitioners constitutional rights to due process of law, search and seizure, 6th Amendment Assistance of Counsel and 14th Amendment rights.

   A) Counsel failed to properly explain charges and consequences of conviction.

   B) Counsel gave deficient advice as he instructed Morefield not to disclose his mental illness or medication he was taking to the Court rendering him impaired at all court hearings and unable to understand the Courts instructions. See Pre-Sentence Report Health History section.

C) Counsel was prejudiced by not reviewing Pre-Sentence Report which clearly list Morefield's Mental Health condition.

D) Counsel failed to perform due diligence and investigate Morefield's alibi during the time of criminal offenses.

E) Counsel told Morefield that he was intimidated by States Attorney Matthew Shaddrix and didn't feel confident in his representation. See Complaint filed by Morefield with Alabama State Bar - CPS NO. 1220 (A) Morefield will introduce as evidence at evidentiary hearing as he has no access to a copier to attach evidence to this filing.

F) Counsels performance prejudiced the outcome of Morefield's case. Had it not been for counsels deficiency Morefield would have been found not guilty at trial as his alibi witnesses are credible. This claim is not procedurally barred.

5. <u>TRIAL COURT IMPOSED INACCURATE RESTITUTION</u>
This claim was not raised in initial Rule 32 petition. Morefield had no evidence at that time to support this claim. Restitution order was for items taken from victims homes, cars, etc. All items were recovered by DeKalb County Georgia Police. Morefield has a evidence list from DeKalb police to verify they have all items taken. Morefield will present this list as evidence at a evidentiary hearing as he has no access to a copier to attach document to this filing. Thus this claim is not procedurally barred.

6. Petitioner denies that he is guilty.

7. Petitioner affirms that his Federal Constitutional Rights have been violated by State of Alabama incident to his conviction and sentence in this case.

8. Petitioner aver that based on the contents of this addendum a evidentiary hearing is warrented so petitioner can introduce evidence enumerated in this filing. Petition is due affirmed and relief is sought and is proper.

9. Petitioner has shown cause and has evidence to support his pleadings. Courts failure to address claims would result in a fundamental miscarriage of justice. Morefield is prejudiced by being housed in Georgia fighting a Alabama conviction with no access to Alabama law books, cases or materials to help him and no attorney appointed to his case. Also with limited supplies due to his poverty status and severely restricted law library access.

<u>CONCLUSION</u>

Based on the foregoing a evidentiary hearing is proper to give petitioner a opportunity to introduce evidence and present his case in his own words. Relief in this case will be clear before this court fourthwith.

~ 2 ~

Respectfully submitted,
Alonzo Morefield, Jr.,
Petitioner, Pro Se

by: /s/ A. Morefield Jr.

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on Respondent by placing the same in U.S. Mail postage pre-paid addressed to: Alabama Attorney General Troy King, ATTN: Nancy Kirby, Deputy Attorney General, 11 South Union Street, Montgomery, Alabama 36130-0152. This the 21st day of December, 2006.

/s/ A. Morefield Jr.

Alonzo Morefield, Jr.
Georgia State Prison
I.D. No. 479955
300 1st Ave
Reidsville, GA. 30453

~3~