# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ALONZO MOREFIELD, JR.,              )
    #479955,                             )
                         )

    Petitioner,                           )
                         )

v.                                  )      CIVIL ACTION NO.
                         )      2:06-CV-976-MHT (W0)
                         )

HUGH SMITH, WARDEN, *et al.*,        )
                         )

    Respondents.                          )

## SUPPLEMENTAL ANSWER

Come now the Respondents by and through the Attorney General of the State of Alabama and in response to the petition for writ of habeas corpus make the following supplemental answer to Morefield's amendment to his petition for writ of habeas corpus.

1. Respondents incorporate by reference their entire Answer, filed on December 11, 2006, and referenced by the Clerk of Court as Document Number 13, as though set forth fully herein.

2. Respondents assert that Morefield's claim that he received ineffective assistance of counsel is procedurally barred.

3. Respondents assert that Morefield's claim that he lacks access to pertinent legal material is procedurally barred.

4. Respondents deny that Morefield is innocent.

5. Respondents deny that any of Morefield's federal constitutional rights have been violated by the State of Alabama incident to his conviction and sentence in this case.

6. Respondents aver that, based on the contents of this supplemental answer and accompanying exhibits, Morefield's petition, as amended, is due to be denied and dismissed with prejudice.

## CHRONOLOGY OF THE CASE

Respondents reassert the chronology of the case as stated in their initial Answer, as though set forth fully herein.

## STATUTE OF LIMITATION

As set forth by the Respondents in their initial Answer, disregarding the time tolled by Morefield's Rule 32 petition, a total of 320 days elapsed between the day Morefield's judgment became final until he filed his §2254 petition. Thus, his petition is not time-barred.

2

## INEFFECTIVE ASSISTANCE CLAIM

In response to the Respondents asserted defense of procedural default, Morefield has alleged that any failure to properly raise claims in state court is due to ineffective assistance of trial counsel. Specifically, Morefield alleges that his trial counsel failed to pursue a direct appeal on his behalf. This claim of ineffective assistance of counsel may not serve as cause for Morefield's procedural default because it (the alleged cause) is also procedurally defaulted under Teague v. Lane, 489 U.S. 288 (1989). Henderson v. Campbell, 353 F.3d 880, 885 (11th Cir. 2003).

Morefield raised a claim of ineffective assistance of counsel in a Rule 32 postconviction petition when he claimed trial counsel coerced him into pleading guilty. (Document 13, Exhibit B, pgs. 18-20) Morefield should have raised this present claim that counsel failed to appeal if it was a credible claim. As it now stands, there is no longer an available state remedy in which he can exhaust his alleged "cause". Thus, because Morefield's alleged "cause" is procedurally defaulted and may not be used to establish cause, to excuse his procedural default, this Court should deny this habeas petition with prejudice.

## LACK OF LEGAL MATERIALS CLAIM

Respondents respectfully assert that Morefield's claim that he lacks access

to appropriate legal materials should have been presented to the trial court in his

Rule 32 petition.  Morefield was imprisoned in the Georgia State Prison when he

filed his pro se Rule 32 petition, and any lack of Alabama legal materials due to his

imprisonment in Georgia ostensibly existed at that time.  Morefield did not claim

in his Rule 32 petition that he was denied access to the appropriate legal materials.

On the contrary, Morefield accurately referenced Alabama law in his Rule 32

petition and in subsequent filings.  (Document 13, Exhibit B, pgs. 21, 38;

Document 13, Exhibit C, pgs. 4-5)

Moreover, Morefield failed to establish that he has filed a 42 U.S.C. § 1983

action as to his alleged lack of legal materials in the Georgia State Prison system,

pursuant to Bounds v. Smith, 430 U.S. 817, 828, 97 S. Ct. 1491, 1498, 52 L. Ed. 2d

72 (1977), and its progeny.  Because Morefield failed to show that he sought relief

in a properly filed § 1983 action, and further, because Morefield failed to raise his

claim of lack of materials to the state court, or to refute the presumption that the

same circumstances of his imprisonment existed at the time he filed his Rule 32

petition, Morefield's claim is defaulted and not subject to further review.  Teague

v. Lane, 489 U.S. 288 (1989); Henderson v. Campbell, 353 F.3d 880, 885 (11th

Cir. 2003).

4

In sum, no further habeas review or relief is due on this claim until such time that Morefield establishes cause and prejudice for his default and this Court determines this issue adversely to Respondents. *See*, <u>Jones v. White</u>, 992 F. 2d 1546, 1565 (11th Cir. 1993).

## CONCLUSION

Based on the foregoing, Morefield's petition, as amended, is due to be denied and dismissed with prejudice.

Respectfully submitted,

Troy King, ID #KIN047
*Attorney General*
By-

<u>s/Nancy M. Kirby</u>
Nancy M. Kirby ID #KIR031
*Deputy Attorney General*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of January, 2007, I electronically filed

the foregoing Supplemental Answer with the Clerk of the Court using the

CM/ECF; and I hereby certify that I have mailed by United States Postal Service

the foregoing to the following non-CM/ECF participants:  Alonzo Darryll

Morefield, Georgia Prison #479955 (AIS #237882), Georgia State Prison, 300 First

Avenue, Reidsville, GA  30453.


Respectfully submitted,


s/Nancy M. Kirby (KIR031)
Nancy M. Kirby (KIR031)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax: (334) 242-2848
E-Mail: nancykirbylaw@bellsouth.net

226065/101441-001