IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ALONZO MOREFIELD, JR.,
Petitioner,

vs -

HUGH A. SMITH, et. AL.,
Respondent.

RECEIVED 2007 FEB 12 9:53

06-CV-976-MHT

## ADDENDUM TO RESPONSE OF SUPPLEMENTAL ANSWER

Petitioner is before the Court with this addendum to Response of Respondents Supplemental Answer. All grounds for Relief stand firm in Petitioners initial 2254 Complaint. Respondent in its Supplemental Answer Identifies two specific grounds to attack. Petitioner addressed, in his initial response some of Respondents Assertions. After receipt of Courts order filed January 30, 2007. Petitioner further specifies additional cause and Prejudice to Substantiate his position which shall rest any question related to Relief being proper in this 2254 petition.

Petitioner Alonzo Morefield, Jr., Incarcerated at Georgia State Prison (GSP) since August 3, 2003 after being transferred from Hays State Prison. Upon arrival at GSP, Respondent placed petitioner on Involuntary Protective Custody (IPC) status. To date, that status remains in place. IPC is a administrative segregation tool resulting in 23 hours per day of segregation in a one person cell with no access to any other prisoners. As much as possible, all IPC prisoners are treated like general population prisoners except a two correctional officer escort is required when any IPC prisoner leaves his cell for any reason. IPC causes restrictions as Petitioner applies for satelite law library access weekly and is placed on the list weekly. However, Correctional Staff operate the law library for IPC prisoners per policy. With GSP's major staff shortage, officers training, prison emergencies and staff reassignments, law library time is often suspended for segregation prisoners.

The GSP satelite law library is a condensed version of the main law library used by prisoners on segregation only. The satelite law library (S.L.L.) encompasses most Georgia law books, a limited amount of Federal case law but no federal procedural law books and no Alabama law books or Alabama case law.

Given Petitioners status it is impossible to interview staff that can verify points of emphasis of severe restrictions on IPC prisoners as it relates to S.L.L access and materials. A attached

SUMMARY IDENTIFIES THE GSP STAFF MEMBERS AND WHAT THEY CAN VERIFY RELATING TO THIS ACTION AND ADDRESS AND TELEPHONE NUMBER TO REACH THAT PERSON FOR VERIFICATION PURPOSES. THIS IS THE BEST PETITIONER CAN DO TO ILLUSTRATE THE SEVERE RESTRICTIONS HE ENDURES. PETITIONER HAS ALSO ATTACHED A "REQUEST FOR CORRESPONDENCE SUPPLIES" FORM WHICH LISTS LEGAL WRITING SUPPLIES THAT CAN BE PURCHASED WEEKLY. SUPPLIES ARE LIMITED. IF RECEIVED BY ANY PRISONER A CHARGE IS APPLIED TO THE CORRESPONDING PRISONERS ACCOUNT FOR THE COST. TEN PIECES OF TYPING PAPER PER WEEK WILL NOT COVER THE NUMEROUS STATE AND FEDERAL COURT ACTION PETITIONER HAS PENDING.

NOTE: PETITIONER HAS NO ACCESS TO A COPIER THUS ANY ATTACHMENTS WILL BE MANUALLY PRODUCED FOR THE COURTS REVIEW.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

PETITIONER FURTHER AVERS IN ADDITION TO HIS PREVIOUSLY SUPPLIED INFORMATION THAT HIS TRIAL COUNSEL INTENTIONALLY WITHHELD PETITIONERS MENTAL HEALTH CONDITION FROM THE TRIAL COURT AND FALSELY INSTRUCTED PETITIONER TO RESPOND IN THE AFFIRMATIVE TO ALL WAIVER OF RIGHTS QUESTIONS TO MANIPULATE THE COURT AND FASTLY ADJUDICATE THE INSTANT CASE. PETITIONER CURRENTLY AND HAS BEEN SINCE 1990 UNDER THE CARE OF A MENTAL HEALTH PROFESSIONAL AND CONSUMES PSYCHOTROPIC MEDICATION SINCE 1990. PETITIONER FURTHER AVERS THAT TRIAL COUNSEL FAILED TO PROPERLY ADVISE MOREFIELD OF THE CONSEQUENCES OF HIS GUILTY PLEA SPECIFICALLY NOT BEING ELIGIBLE FOR PAROLE OR EARLY RELEASE AND HAVE THE TRIAL COURT ATTACH AMBIGUOUS RESTITUTION WHICH MOREFIELD DOES NOT OWE. ALSO FAILING TO OBJECT TO TRIAL COURT NOT HAVING A PRE-SENTENCE REPORT CONDUCTED PRIOR TO IMPOSING SENTENCE WHICH WOULD HAVE STATED FACTS IN MITIGATION. PETITIONER WAS OBLIVIOUS TO THE ENTIRE PROCEEDINGS AND UNDERSTOOD NONE OF WHAT WAS TAKING PLACE. THIS WAS PRESENTED TO THE TRIAL COURT AND COURT OF CRIMINAL APPEALS IN RULE 32 PETITION AND APPEAL OF THAT PETITIONS DENIAL. THESE FACTS WERE FURTHER STATED IN A ETHICS COMPLAINT AGAINST TRIAL COUNSEL TO THE ALABAMA BAR LISTED IN CASE NO. CSP-06-1220.

PETITIONER DECLARES THAT HE IS INNOCENT OF THE INSTANT OFFENSE AS TRIAL COURT FAILED TO DO ANY PRE-TRIAL INVESTIGATION INTO PETITIONERS ALIBI. MOREFIELD WAS IN ANOTHER STATE AT THE TIME OF INSTANT OFFENSES. MOREOVER STATE OF ALABAMA HAS VIOLATED MOREFIELDS 5th, 6th, 8th, AND 14th CONSTITUTIONAL RIGHTS.

TRIAL COUNSEL DID CONFESS TO PETITIONER THAT HE WAS INTIMIDATED BY STATES ASSISTANT DISTRICT ATTORNEY MATTHEW SHADDIX. FURTHER STATING THAT DUE TO HIS INEXPERIENCE IN CRIMINAL LAW, HIS REPRESENTATION WOULD BE LESS THAN PROFESSIONAL ASSISTANCE.

~2~

This was also placed before the Trial Court and Court of Criminal Appeals in Rule 32 proceedings and listed in the Ethics complaint against trial counsel to Alabama State Bar.

In sum, Petitioner has reinforced his position that any claims not previously submitted to Trial Court are NOT procedurally barred due to ineffective assistance of counsel. Morefield has shown causation with specificity regarding any state procedural rules lapse. Those reasons are legally sufficient. It is clear from Morefield's response that his lack of legal materials is real and substantial. The Court and Respondent are welcomed to verify the information supplied by Morefield for corroboration. Furthermore, if the Court deems appropriate, any defaulted claims should be addressed under the Fundamental Miscarriage of Justice exception.

## CONCLUSION

Aforementioned in this addendum and corresponding response to supplemental answer are duly and timely submitted for this Court's review and subsequent determination of prima facie showing, that Morefield's 2254 petition should be granted.

Respectfully submitted,
Alonzo Morefield, Jr.
Petitioner, Pro Se

by: /s/ A. Morefield Jr.

~ 3 ~