IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Alonzo Morefield, Jr.,  *
Petitioner,
     vs -                *  CIVIL ACTION NO.:
                            2:06-CV-976-MHT
Hugh A. Smith, et. al.,  *      (WO)
Respondent.

## ADDITIONAL INFORMATION

Petitioner is before the Court with information which applies directly to the innocence of Petitioner in the instant offense in case no. CC-2004-1043, 1044, 1045 adjudicated on November 16, 2004. This 2254 action is akin to that case. Petitioner sayeth the following:

1. The State of Alabama, i.e. Montgomery County Police Department (M.C.P.D.) did not interview Petitioner prior to pursuing felony charges against him.

2. A conversation between investigators with DeKalb County Georgia Police and M.C.P.D. circumstantially linked Petitioner to the Montgomery Alabama case.

3. Property, including weapons, were located near where Petitioner was arrested in Georgia. According to M.C.P.D., said items belong to victim in Montgomery case CC-04-1043. The victim was Azzie Melton.

4. Azzie Melton, at the time, was a Deputy District Attorney in Montgomery County Alabama. By and thru her office, she abused her power and authority by initiating the Agreement on Detainers paperwork. Her signature and title is listed on the Prosecutors Acceptance of Temporary Custody form. The State of Alabama was negligent. Deputy D.A. Melton being the victim, another Deputy D.A. should have initiated this action. The form is dated May 28, 2004. A additional signature by Fifteenth Circuit Judge Eugene W. Reese also appear on the form.

5. The confiscated items by DeKalb County Georgia Police are listed and inventoried and retained in their custody. The preception that Petitioner had possessed these items was used as leverage in coercing Petitioner to plead guilty to crimes he did not commit.

6. Those same items were used by State of Georgia to secure a criminal conviction of possession of stolen property and possession of firearm by a convicted felon. Both charges were dropped. The item in question was part of motion to suppress hearing held on August 23, 2000 and granted on August 23, 2000.

7. Fruit from a poisonous tree can not be used in Alabama to secure any conviction as it was in Case No. CC-04-1043. The weapon and other items were suppressed as DeKalb County Georgia Police were found in violation of petitioners 4th Amendment rights.

It is important that this court be aware of all the facts in which petitioner places before the court. These items are not procedurally barred as I was just made aware of them and received documented proof of it's existence. Petitioner does not have access to a copier and is so indigent unable to pay for any copies but the documents which provide proof of all information herein are in petitioners possession.

Respectfully submitted,
Alonzo Morefield, Jr.,
Petitioner, Pro Se

by: /s/ A. Morefield Jr.

## Certificate of Service

This will certify that a copy of the foregoing has been served on respondent by placing the same in U.S. Mail postage thereon addressed to: Alabama Attorney General Troy King, Attn: Nancy M. Kirby, Deputy Attorney General, Alabama State House, 11 South Union, Montgomery, AL., 36130-0152. This 22nd day of February, 2007.

/s/ A. Morefield Jr.

Alonzo Morefield, Jr.
I.D. No. 479955
Georgia State Prison
300 First Avenue
Reidsville, GA. 30453



Alonzo Morefield, Jr. 479955
Georgia State Prison
216 Hwy 147
Reidsville, GA. 30499

LEGAL
MAIL

Enclosed Filing sent to prison
Mailroom for same-day mail-
out on 2-8-07. Check post
mark to ensure prison staff
mailing compliance.

Debra P. Hackett, Clerk
U.S. District Court for the
Middle District of Alabama
Post Office Box 711
Montgomery, AL. 36101-0711